OPINION
{¶ 1} Defendant-appellant, Kendall Banks, appeals the decision of the Mahoning County Common Pleas Court sentencing him to consecutive sentences and denying his motion to withdraw his guilty plea.
 {¶ 2} On June 18, 2004, appellant allegedly shot at a vehicle occupied by Edward McElroy and Sergio Rivera. The incident supposedly arose out of a dispute appellant and Rivera were having over a female acquaintance.
 {¶ 3} On August 5, 2004, a Mahoning County grand jury indicted appellant on two counts of felonious assault in violation of R.C. 2903.11(A)(2), second-degree felonies, in connection with the alleged shooting. Both counts were also accompanied by firearm specifications pursuant to R.C.2941.145(A). Appellant was appointed counsel and pleaded not guilty.
 {¶ 4} On September 14, 2004, appellant filed a waiver of jury trial and requested that his case be tried to the court. On September 16, 2004, the day set for trial, appellant withdrew his waiver of jury trial and the case was set for trial by jury on October 20, 2004. On October 20, 2004, appellant's appointed trial counsel filed a motion to withdraw as counsel. The trial court sustained the motion. Subsequently, appellant retained new trial counsel and on February 8, 2005, entered into a Crim.R. 11 plea agreement. Appellant agreed to plead guilty to two counts of felonious assault with an amended one-year firearm specification.
 {¶ 5} On March 3, 2005, appellant filed a motion to withdraw his guilty plea. The trial court overruled the motion after a hearing on April 14, 2005 and set sentencing for April 22, 2005. In the meantime, on April 18, 2005, appellant's second trial counsel filed a motion to withdraw as counsel. The trial court sustained the motion and appointed new counsel.
 {¶ 6} On April 26, 2005, appellant filed another motion to withdraw his guilty plea. The trial court overruled the motion on May 3, 2005.
 {¶ 7} On May 4, 2005,[1] the trial court sentenced appellant to a two-year term of imprisonment on each of the counts of felonious assault to be served consecutively with one another. The trial court also sentenced appellant to a one-year term of imprisonment for the gun specification to be served consecutively with the sentences imposed for the two counts of felonious assault. This appeal followed.
 {¶ 8} Appellant's first assignment of error states:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT-APPELLANT'S REQUEST TO WITHDRAW HIS PLEA PURSUANT TO OHIO CRIMINAL RULE 32."
 {¶ 10} Pursuant to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule provides a fairly stringent standard for deciding a postsentence motion to withdraw a guilty plea, but gives no guidelines for deciding a presentence motion. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715.
 {¶ 11} Generally, the courts hold that a decision on a presentence plea withdrawal motion is within the trial court's sound discretion. Id. at 526, 584 N.E.2d 715. Specifically, however, case law establishes that a presentence motion to withdraw a guilty plea shall be freely and liberally granted. Id. at 526, 527, 584 N.E.2d 715. In making its determination, the trial court must conduct a hearing and decide whether there is reasonable and legitimate basis for withdrawal of the plea. Id. at 527, 584 N.E.2d 715. Although it is not the role of the appellate court to conduct a de novo review, the appellate court may reverse the trial court's denial if the trial court acts unjustly or unfairly. Id. at 526, 527, 584 N.E.2d 715.
 {¶ 12} Some of the factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge.State v. Cuthbertson (2000), 139 Ohio App.3d 895, 899,746 N.E.2d 197, citing the factors first set forth in State v. Fish
(1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788.
 {¶ 13} Appellant applies the various factors set forth inFish as follows. For the first factor, appellant maintains that the state would not have been prejudiced if the trial court had withdrawn his guilty plea. He states that one of the prosecution's main witnesses, Edward McElroy, was still available and, in fact, had testified at the hearing on the motion to withdraw his guilty plea. Appellant also states that hearing revealed that the other key witness, Sergio Rivera, was likewise still available.
 {¶ 14} For the second factor, appellant maintains that he had a genuine difference of opinion or disagreement with his first two trial counsel. The first withdrew the day of trial and withdrew appellant's waiver of a jury trial. Appellant's second trial counsel, he contends, misled and forced him into a plea agreement.
 {¶ 15} As for the third factor, appellant maintains that he tried to interrupt his second trial counsel during the Crim.R. 11 hearing. Regarding factor five, appellant says that the trial court ignored his arguments and unfairly denied the motion.
 {¶ 16} Lastly, as to factor nine, appellant proclaims his innocence and argues that there were issues for the jury to decide. For instance, appellant argues that McElroy's testimony at the hearing on his motion was inconsistent with affidavits he had signed concerning the incident.
 {¶ 17} In reply, appellee summarizes its arguments concerning the Fish factors as follows: (1) the state will have to secure new witnesses and replead its case; (2) appellant was represented by several competent attorneys before entering his plea; (3) appellant received an exhaustive Crim.R. 11 hearing and signed a Crim.R. 11 agreement acknowledging his understanding of his rights; (4) appellant received an exhaustive withdrawal hearing; (5) the trial court considered appellant's motion fully, even taking witness testimony; (6) appellant's motion came some time after his plea; (7) appellant's motion turned wholly on his recent, unsupported claim of innocence; (8) appellant was fully informed of the charges against him, the consequences of his plea, and his potential sentence, and (9) appellant offers no complete defense and claims of innocence are suspect.
 {¶ 18} In this case, the trial court did not abuse its discretion in overruling appellant's motion to withdraw his guilty plea. A majority of the Fish factors weighed against allowing appellant to withdraw his guilty plea.
 {¶ 19} The state would be prejudiced by the withdrawal of appellant's guilty plea. After reviewing the transcript of the Crim.R. 11 hearing and the hearing on appellant's motion to withdraw his guilty plea, it is apparent that the two alleged victims, McElroy and Rivera, were reluctant witnesses. Now, given the substantial passage of time, it is apparent that these witnesses would be even more reluctant to testify.
 {¶ 20} Appellant was afforded the representation of three different, competent counsel, one of which was of his own choosing, and it appears that they tried everything to represent appellant's best interests.
 {¶ 21} As for the extent of the Crim.R. 11 plea hearing, a transcript of that hearing has not been provided to this Court by appellant. Therefore, the trial court's observation that this criterion was met should be given deference.
 {¶ 22} It is clear from the record the hearing on the motion to withdraw is quite extensive. It encompasses one hundred fourteen pages.
 {¶ 23} The trial court gave full and fair consideration to the motion. The extent of the hearing itself reveals that. The trial court heard from appellant himself and one of the witnesses. The trial court also heard extensive arguments made by counsel for both parties. Additionally, this was the second
such hearing the trial court had held on the matter.
 {¶ 24} As the trial court observed, the timing of the motion is questionable. The second motion came some two and a half months after his guilty plea.
 {¶ 25} It is apparent from the record that appellant understood the nature of the charges and potential sentences as reflected by his signature on the detailed Crim.R. 11 plea agreement.
 {¶ 26} As for the final factor, appellant's counsel suggested at the hearing on the motion to withdraw that perhaps appellant's co-defendant in this matter, who had yet to be tried, was the person with the gun. Again, as the trial court astutely observed, which defendant had the gun is irrelevant. Because even if appellant's co-defendant was the one with the gun, appellant would still be guilty of the equal offense of complicity.
 {¶ 27} In sum, it cannot be said the trial court's decision to deny appellant's motion to withdraw his guilty plea was either unreasonable, arbitrary, or unconscionable.
 {¶ 28} Accordingly, appellant's first assignment of error is without merit.
 {¶ 29} Appellant's second assignment of error states:
 {¶ 30} "THE TRIAL COURT COMMITTED ERROR TO THE DETRIMENT OF THE APPELLANT WHEN IT SENTENCED HIM TO CONSECUTIVE PRISON TERMS WITHOUT PROPERLY REVIEWING O.R.C. 2929.14(E)(4)(a)(b)(c)."
 {¶ 31} In this case, appellant was convicted on two counts of felonious assault, second-degree felonies. For second-degree felonies, the sentencing court may impose a prison term of two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2). The trial court sentenced appellant to a two-year term of imprisonment on each of the two counts to be served consecutively to each other. Therefore, appellant's sentence implicates a consecutive, felony sentencing situation.
 {¶ 32} While this appeal was pending, the Ohio Supreme Court held that the provisions of the Revised Code relating to consecutive sentences, R.C. 2929.14(E)(4) is unconstitutional because they require a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, paragraph three of the syllabus. (Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, followed.)
 {¶ 33} Here, the trial court's imposition of consecutive sentences was based on findings mandated by R.C. 2929.14(E)(4). The trial court found that the sentences were not disproportionate to the seriousness of appellant's conduct or the danger appellant poses. Additionally, the trial court found that appellant's criminal history required consecutive sentences as well as the fact that he was under community control when he committed the present offenses. Therefore, pursuant to Foster,
appellant's consecutive sentences must be reversed.
 {¶ 34} After State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the trial court no longer needs to give reasons or findings of fact prior to imposing (1) a nonminimum term on an offender who has never served a prison term, (2) the maximum term, (3) consecutive terms, and (4) penalty enhancements for repeat violent offenders or major drug offenders. The Court held that:
 {¶ 35} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 36} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 37} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. In Mathis, the Court clarifiedFoster adding:
 {¶ 38} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 39} As an aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after the Blakely decision was announced. The Ohio Supreme Court in Foster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05 MA 60,2006-Ohio-5653.
 {¶ 40} Accordingly, appellant's second assignment of error is with merit.
 {¶ 41} The judgment entry of the trial court denying appellant's second motion to withdraw his guilty plea is hereby affirmed. The judgment entry of sentence of the trial court is hereby reversed and this matter remanded for resentencing consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470.
Waite, J., concurs
DeGenaro, J., concurs. See concurring opinion.
[1] The judgment entry of sentence, although dated May 4, 2005, is file-stamped May 5, 2005. In addition, it should be noted that appellant was sentenced after Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, but before State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.