OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Thomas Peterson, appeals the decision of the Mahoning County Court of Common Pleas that denied Peterson's presentence motion to withdraw his guilty plea to two counts of assault and one count of failure to comply with the order or signal of a police officer and sentenced Peterson. On appeal, Peterson argues that the trial court abused its discretion when denying his presentence motion to withdraw his guilty plea, that his sentence violated due process and the prohibition against ex post facto laws, and that the trial court erred when it notified him of the possibility of post-release control. However, a majority of the factors to be used when determining whether to grant a presentence motion to withdraw a guilty plea weigh against granting that motion. Furthermore, this court recently rejected the same due process and ex post facto arguments Peterson is making in this appeal. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} On January 19, 2006, Peterson was indicted for four counts of assault and one count of failure to comply with the order or signal of a police officer. These charges all stemmed from an incident which occurred on December 18, 2005, and involved a dispute between Peterson and officers from the Youngstown Police Department. On March 14, 2006, Peterson pled guilty to two counts of assault and one count of failure to comply with the order or signal of a police officer. In exchange for Peterson's plea, the State dropped the other two assault charges. After an extensive hearing, the trial court accepted Peterson's guilty plea. Peterson's sentencing hearing was scheduled for May 4, 2006.
 {¶ 3} On April 3, 2006, Peterson contacted his counsel, stating that he wished to withdraw his guilty plea. Counsel filed a motion on Peterson's behalf on April 27, 2006. The trial court heard Peterson's motion to withdraw immediately prior to Peterson's sentencing hearing. On May 5, 2006, the trial court entered a journal entry which denied Peterson's motion to withdraw his guilty plea. In a separate entry filed that same day, the trial court sentenced Peterson to the maximum sentence for failure to comply with the *Page 2 
order or signal of a police officer, to non-minimum and non-maximum sentences for the two assaults, and ordered that all of these sentences be served consecutively. On appeal, we have allowed Peterson to present one assignment of error pro se in addition to the two presented by counsel.
 Withdrawal of Guilty Plea {¶ 4} In his first of the two assignments of error presented by counsel, Peterson argues:
 {¶ 5} "The trial court erred by denying Mr. Peterson's presentence motion to withdraw his guilty plea."
 {¶ 6} Crim.R. 32.1 allows a criminal defendant to move to withdraw a guilty plea before a sentence is imposed upon him. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted."State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, he is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 7} This court has previously said that "the factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Cuthbertson, 139 Ohio App.3d 895, 898-899,2000-Ohio-2638. No one of these factors is conclusive. Id. at 899. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." State v. Kramer, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58. *Page 3 
 {¶ 8} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."Xie at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." Id. at 527.
 {¶ 9} In this case, Peterson moved to withdraw his guilty plea because it was "not made knowingly and intelligently based upon his alleged state of mind at the time of the plea hearing regarding his mother's hospitalization and health condition." At the hearing on his motion, Peterson told the court that he found out his mother was hospitalized the night before he pled guilty, that this kept him from figuring out whether accepting the State's plea offer was his best option, and that he wanted "more of a chance to look into [his] case" before he had to decide whether to plead guilty or go to trial. The trial court looked at each of the nine factors listed in Cuthbertson and denied Peterson's motion, concluding that he had made his choice to plead guilty and should not now be allowed to withdraw his plea merely because he was reconsidering his decision.
 {¶ 10} As the trial court correctly concluded, few of theCuthbertson factors weigh in favor of granting the motion. First, Peterson never alleged that his counsel was ineffective in any way with regard to Peterson's prior decision to plead guilty. Thus, the second ofCuthberson's factors weighs against granting the motion.
 {¶ 11} Second, the Crim.R. 11 plea hearing was extensive. At that hearing, the trial court ensured that Peterson understood the charges against him; that he was giving up his right to have the State prove the elements of those charges, to confront the witnesses against him, to present witnesses on his behalf, to remain silent, to appeal his conviction; and, that he was satisfied with his counsel's representation. The trial court explained the maximum punishment it could impose on Peterson if he pled guilty and ensured that Peterson's plea was freely and voluntarily given. It further ensured that nothing inappropriate was affecting Peterson's decision to plead guilty and that he was not under the influence of any drug or medication when making the decision to plead guilty. The extensive nature of this hearing weighs against granting Peterson's motion to withdraw. *Page 4 
 {¶ 12} Third, the trial court fully heard Peterson's motion to withdraw his guilty plea. At that hearing, the trial court let both Peterson and his counsel fully express why they believed that Peterson was entitled to withdraw his guilty plea. This factor also weighs against granting Peterson's motion.
 {¶ 13} Fourth, it appears the trial court fully considered Peterson's motion. The trial court cited caselaw and went through each ofCulbertson's nine factors when making its decision. The comments noted above could be taken as evidence that the trial court may not have fairly considered Peterson's motion, but it clearly applied the relevant caselaw to its decision. Accordingly, this factor also appears to weigh against granting the motion.
 {¶ 14} Fifth, the reason Peterson gave for moving to withdraw his plea was that he was in an emotional state due to his mother's hospitalization on the day he pled guilty and that he wanted more time to make that decision. Courts have held that similar reasons are insufficient to entitle a defendant to withdraw his guilty plea. For example, in State v. Powell, 10th Dist. No. 01AP-891, 2002-Ohio-1725, the defendant wanted to withdraw his guilty plea because "he had changed his mind after having made a hasty decision at the time of the original plea hearing." Id. at 3. The appellate court found that this was not a sufficient reason to withdraw a guilty plea. Id. Peterson's reason for wanting to withdraw his plea in this case is essentially no different than the reason given in Powell. Accordingly, this also weighs against granting Peterson's motion to withdraw his guilty plea.
 {¶ 15} Sixth, Peterson was fully informed of the nature of the charge against him and the potential sentences involved at his Crim.R. 11 hearing. Furthermore, in his motion to withdraw, he did not allege a misunderstanding of the charges or the potential sentences. This factor weighs in favor of denying the motion, too.
 {¶ 16} The only factor which clearly weighs in Peterson's favor is the first factor. As Peterson points out, the trial court concluded that granting Peterson's motion would not prejudice the State. This is "one of the most important factors" to be considered when ruling on a presentence motion to withdraw a guilty plea. Cuthbertson at 899. However, *Page 5 
this factor alone does not require a trial court to grant a presentence motion to withdraw a guilty plea.
 {¶ 17} Only two of Culbertson's factors, besides the lack of prejudice to the State mentioned above, could possibly weigh in favor of granting Peterson's motion to withdraw his plea. First, he told his attorney he wished to withdraw his plea on April 3, 2006, twenty days after he plead guilty and thirty-one days before the scheduled sentencing hearing. However, his counsel did not file the motion until April 27, 2006, one week before the scheduled sentencing hearing. Peterson's original statement to counsel that he wanted to withdraw his guilty plea was more timely than his motion. The fact that twenty-four days passed before his counsel filed the motion may weigh more in favor of granting the motion. Second, Peterson claimed actual innocence when moving to withdraw his plea.
 {¶ 18} However, even if both of these factors are interpreted in a light favorable to Peterson, the majority of the factors weigh against granting the motion. In the past, we have held that a trial court did not abuse its discretion when it denied a presentence motion to withdraw a guilty plea since a majority of these factors supported the trial court's decision. State v. Banks, 7th Dist. No. 05-MA-95,2006-Ohio-5836, at ¶ 18. The same holds true for this case.
 {¶ 19} For these reasons, the trial court did not abuse its discretion when it denied Peterson's presentence motion to withdraw his guilty plea. Peterson's first assignment of error is meritless.
 Sentencing {¶ 20} In the second assignment of error argued by counsel, Peterson argues:
 {¶ 21} "The trial court erred by imposing maximum and consecutive sentences upon Mr. Peterson."
 {¶ 22} Here, Peterson claims that the sentence imposed upon him by the trial court violated both due process and the prohibition against ex post facto laws. According to Peterson, the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, means that he is now open to greater punishment than he was before that decision. *Page 6 
 {¶ 23} We recently released an opinion addressing an identical due process and ex post facto argument. In State v. Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572, we specifically concluded that resentencing underFoster "does not violate appellant's due process rights or the ex post facto clause." Id. at ¶ 76. Peterson is now making the same arguments this court rejected in Palmer. Accordingly, we reject his argument and continue to hold that the remedy imposed by Foster does not violate the constitutional ban against ex post facto laws and does not violate a defendant's due process rights. Peterson's second assignment of error is meritless.
 Post-Release Control Notification {¶ 24} In the assignment of error that he raises pro se, Peterson argues:
 {¶ 25} "Postrelease control notification is fatally defective, thereby nullifying judgment of sentence and making punishment an absolute void."
 {¶ 26} According to Peterson, the trial court erred when it informed him of the possibility of post release control, so this case should be remanded for resentencing. Peterson's argument is meritless.
 {¶ 27} In this case, Peterson was convicted of two counts of assault, fourth degree felonies, and one count of failure to comply with order or signal of police officer, a third degree felony pursuant to R.C.2921.331(C)(5)(a)(ii). That section defines Peterson's offense as a third degree felony because "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." Id.
 {¶ 28} R.C. 2967.28 governs post-release control in Ohio. It provides, in pertinent part:
 {¶ 29} "Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
 {¶ 30} "* * *
 {¶ 31} "(3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years." R.C. 2967.28(B)(3). *Page 7 
 {¶ 32} Peterson apparently believes that this statute requires that he serve a mandatory three-year period of post-release control, but the plain language of the statute indicates otherwise. Under the statute, Peterson must serve a three-year period of post-release control unless the parole board decides to reduce that amount. Since the amount of post-release control can be reduced, then it is not mandatory that Peterson serve that amount of time.
 {¶ 33} The trial court in this case accurately informed Peterson of the possibility of post-release control. It told him that he could serve "up to three years of post-release control," depending on what the Adult Parole Authority chose to impose at the appropriate time. Peterson's arguments to the contrary misread the plain language of the statute. Peterson's pro se assignment of error is meritless.
 Conclusion {¶ 34} In this appeal, Peterson argues that the trial court abused its discretion when denying his presentence motion to withdraw his guilty plea, that his sentence violated due process and the prohibition against ex post facto laws, and that the trial court erred when notifying him of the possibility of post-release control. Each of Peterson's arguments is meritless. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1