OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Dennis Harris, appeals the decision of the Mahoning County Court of Common Pleas that accepted his guilty plea to domestic violence and violation of a protective order, denied his motion to withdraw that plea, and sentenced Harris for the offenses to which he pleaded guilty. On appeal, Harris argues that the trial court erred when making each of these decisions. However, the circumstances of Harris' decision to plead guilty indicate that it was knowing, intelligent, and voluntary; the trial court did not abuse its discretion when denying Harris' oral presentencing motion to withdraw his guilty plea; and the sentence imposed on Harris was not contrary to law. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} On June 7, 2007, Harris was indicted by the Mahoning County Grand Jury for a first degree felony offense of aggravated burglary, and two third degree felony offenses of domestic violence and violation of a protection order. Harris pleaded not guilty to the charges and Attorney Jeff Limbian was appointed as counsel to represent Harris.
 {¶ 3} On September 17, 2007, Harris entered into a plea agreement with the State of Ohio. In the agreement, Harris agreed to plead guilty to the two third degree felonies in exchange for a dismissal of the aggravated burglary charge, a recommendation that Harris be sentenced to four years imprisonment, and an agreement that the State would stand silent on the issue of judicial release. The trial court held a change of plea hearing that day and accepted Harris' guilty plea.
 {¶ 4} Harris contacted Attorney Mark Lavelle early in October 2007 to represent him in an effort to withdraw his guilty plea. After some discussions, Harris had a third-party send Attorney Lavelle a check for a retainer fee, which proved to be drawn on a closed account. Meanwhile, Attorney Lavelle informed Attorney Limbian that Harris had retained him. After Attorney Lavelle found out that the check was not good, he tried to contact Harris, but Harris never responded. Since Attorney Lavelle was not properly retained as counsel, he never filed a motion to withdraw the guilty plea on Harris' behalf. *Page 2 
 {¶ 5} At Harris' February 8, 2008 sentencing hearing, the trial court was informed for the first time that Harris wished to withdraw his guilty plea. The trial court gave Harris an opportunity to explain his reasons for seeking to withdraw his guilty plea, but ultimately denied that motion. The trial court then proceeded to sentence Harris to a total of four years imprisonment on the two charges, ordering that the sentences for the two third degree felonies be served concurrent to each other.
 Guilty Plea {¶ 6} For analysis purposes, we will first address Harris' second of five assignments of error, which argues:
 {¶ 7} "Defendant Appellant's plea of guilty was unconstitutional under both the United States Constitution and the Ohio Constitution as the same was not knowingly, intelligently and voluntarily made."
 {¶ 8} Harris contends that the trial court erred when accepting his guilty plea because it was not knowing, intelligent, and voluntary. Harris identifies two problems with the plea: 1) the trial court did not ensure that Harris understood all of the constitutional rights he was waiving by pleading guilty and 2) the trial court failed to ensure that Harris understood the nature of the charges against him. The State contends that the trial court complied with Crim. R. 11(C) to the extent necessary to uphold the plea.
 {¶ 9} The due process clauses in both the United States and Ohio Constitutions require guilty pleas to be knowing, intelligent, and voluntary. Parke v. Raley (1992), 506 U.S. 20, 28-30, 113 S.Ct. 517,121 L.Ed.2d 391; State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509,881 N.E.2d 1224, at ¶ 7. A court must consider all of the relevant circumstances surrounding a plea when determining the voluntariness of that plea. State v. Johnson, 7th Dist. No. 07MA8, 2008-Ohio-1065, at ¶ 8. If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. State v.Martinez, 7th Dist. No. 03MA196, 2004-Ohio-6806, at ¶ 11, citingBoykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709,23 L.Ed.2d 274.
 {¶ 10} Crim. R. 11(C)(2) describes the procedure a trial court must use when accepting a guilty plea in a felony case. It requires that the trial court engage in a colloquy with the defendant to do all of the following: *Page 3 
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Id.
 {¶ 14} A trial court must strictly com ply with Crim. R. 11 with regard to constitutional rights, but only needs to demonstrate substantial compliance with non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance [with Crim. R. 11] means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 15} When reviewing whether a trial court's decision to accept a defendant's guilty plea violates that defendant's constitutional rights, an appellate court must affirm the trial court's decision if it engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph two of the syllabus. Failure to use the exact language in Crim. R. 11(C) is not grounds for vacating the guilty plea as long as the trial court met the above standard. Id.
 {¶ 16} First, Harris argues that the trial court failed to comply with Crim. R. 11(C)(2)(c) because it did not individually review each constitutional right which would be waiving through Harris' guilty plea. This court recently rejected this identical argument in State v.Roman, 7th Dist. No. 06-MA-32, 2007-Ohio-5243. Crim. R. 11(C)(2)(c) "does not state that the court must inform the defendant of the particular right and then ask the *Page 4 
defendant if he understands that he is waiving that right before moving on to inform him of the next right he is waiving." Id. at ¶ 33.
 {¶ 17} In this case, the trial court engaged in the following dialogue with Harris:
 {¶ 18} "The Court: When you enter a plea of guilty, you're admitting that you committed the crimes that I've just explained to you. Now, when you enter a plea of guilty, you're waiving your right to a trial. You're waiving your right, very valuable rights that you have. One is to require that the State of Ohio prove that you're guilty beyond a reasonable doubt, either to a jury or to a judge if you waive a jury. You're waiving your right to confront and cross-examine the State's witnesses. You're waiving your right to remain silent at that trial if you wish. You do not have to testify and help them convict you. You're waiving your right to compel witnesses to come into court and testify on your behalf if you have any such witnesses.
 {¶ 19} "And you're also waiving your right to appeal. And the court would appoint a lawyer for your appeal, and whatever parts of the record you need to appeal. Do you understand that?
 {¶ 20} "The Defendant: Uh-huh."
 {¶ 21} This dialogue states all the rights listed in Crim. R. 11 (C)(2)(c), and the court was not obligated by Crim. R. 11 to explain each individual right in detail.
 {¶ 22} Second, Harris claims that the trial court failed to ensure that Harris understood the nature of the charges against him. Crim. R. 11(C)(2)(a) requires a trial court to determine that the defendant has an understanding of the nature of the charge before the trial court accepts the defendant's guilty plea. However, the trial court does not itself need to inform the accused of the actual elements of the charged offense; a defendant can obtain this information from whatever source, be it from the trial court, the prosecutor, or some other source.Johnson at ¶ 14.
 {¶ 23} In Johnson, this court found that the trial court complied with Crim. R. 11(C)(2)(a) because the accused signed a document wherein he stated, "[c]ounsel has advised me and I fully understand the nature of the charge(s) against me and the elements contained therein" and his counsel told the court that the accused was ready to plead guilty. Id. at ¶ 15. Similar circumstances are present here. Harris signed a *Page 5 
document which stated "that I fully understand the nature of the charge(s) against me and the elements contained therein." Moreover, at a point in the proceedings when Harris indicated confusion about the elements of the crimes, counsel indicated that he had attempted to explain those elements, and the court went on to explain the elements to Harris. Harris later acknowledged that he felt the trial court had explained everything. The record thus indicates that Harris understood the nature of the charges against him.
 {¶ 24} The trial court complied with Crim. R. 11 when accepting Harris' guilty plea and his argument that his plea was not knowing, intelligent, and voluntary is meritless. Accordingly, Harris' second assignment of error is meritless.
 Withdrawal of Guilty Plea {¶ 25} Harris' first assignment of error argues:
 {¶ 26} "The trial court abused its discretion in refusing to grant Defendant/Appellant's motion to withdraw his guilty plea prior to the imposition of sentence."
 {¶ 27} Harris argues that the trial court erred when denying his presentence motion to withdraw his guilty plea. Crim. R. 32.1 allows a criminal defendant to move to withdraw a guilty plea before a sentence is imposed upon him. This motion can be made orally at the sentencing hearing. See State v. Glavic (2001), 143 Ohio App.3d 583, 588-589,758 N.E.2d 728. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted." State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, he is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 28} We have previously stated that "the factors that are weighed in considering a pre-sentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim. R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) *Page 6 
whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Cuthbertson,139 Ohio App.3d 895, 898-899, 2000-Ohio-2638. No one of these factors is conclusive. Id. at 899. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." State v.Kramer, 7th Dist. No. 01CA107, 2002-Ohio-4176, ¶ 58.
 {¶ 29} A trial court's decision "to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court," and thus will not be disturbed by a reviewing court absent an abuse of discretion. Xie at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." Id. at 527.
 {¶ 30} Here, the trial court accepted Harris guilty plea in a judgment entry dated September 17, 2007. The trial court was not informed that Harris wanted to withdraw his guilty plea until the sentencing hearing on February 8, 2008, 144 days later. At the sentencing hearing, the State read a letter into the record which had been received by the prosecutor's office from the victim in November 2007. The letter asked the trial court to sentence Harris only for the time he had already served so that he could return to his children. Two attorneys then spoke on Harris' behalf.
 {¶ 31} Attorney Limbian was the first attorney to speak. He had been appointed by the court to represent Harris and told the court that he understood that Harris had contacted Attorney Lavelle about withdrawing the plea. Attorney Lavelle then explained that Harris contacted him in early October 2007 about withdrawing the plea, he had told Harris about that process, Harris gave him some documents, but Harris did not sign a contract or pay a retainer fee. In November 2007, Attorney Lavelle told Harris that he would need a retainer to represent him in withdrawing the plea and contacted Attorney Limbian to let him know that Attorney Lavelle would be retained. A third-party provided a check to Attorney Lavelle for that retainer, but the check had been written on a closed account. Attorney Lavelle sent Harris several follow-up letters, all of which went unanswered. *Page 7 
 {¶ 32} After hearing this, the trial court excused Attorney Lavelle from any further representation of Harris. The trial court then asked Harris why he wished to withdraw his guilty plea. Harris responded, "Because when I signed it, I realized that I was signing my life to four years, Your Honor. Your Honor, I ain't never been to prison, Your Honor. I ain't never done no more than six months in jail. I wasn't trying to go to jail. I didn't know I was signing for four years. They told me when I went to sentencing, I could be sentenced up to four years. I ain't never been to prison my whole life. I would like to fight for my life. I feel like I didn't even fight." The trial court then denied Harris' oral motion to withdraw his guilty plea.
 {¶ 33} Harris argues that the State would not be prejudiced by allowing Harris to withdraw his guilty plea because the prosecutor was in contact with the witness and knew where to find her. However, the victim's letter demonstrated that the victim was reluctant to continue pressing the charges against Harris. This court has previously recognized that a victim's reluctance to testify can be a fact which prejudices the State. State v. Johnston, 7th Dist. No. 06 CO 64,2007-Ohio-4620, at ¶ 10; State v. Banks, 7th Dist. No. 05-MA-95,2006-Ohio-5836, at ¶ 19. Thus, this fact weighs against granting Harris' motion to withdraw his guilty plea.
 {¶ 34} Harris next takes issue with the representation afforded to him by counsel. In particular, he argues that he was not afforded quality representation in the filing of a motion to withdraw his guilty plea since two attorneys knew that he wanted to file such a motion, but neither actually filed that motion. The issues regarding the delay in filing a motion to withdraw Harris' guilty plea fall squarely at Harris' feet, not the feet of his attorneys, as it was Harris who failed to follow through on the attempt to retain Attorney Lavelle as counsel. Moreover, we have clarified that the representation at issue is only the representation afforded to the accused prior to the decision to plead guilty. State v. Peterson, 7th Dist. No. 06 MA 70, 2007-Ohio-6917, at ¶ 10. Harris has not alleged any deficiency in his counsel's representation prior to his guilty plea. Thus, this factor also weighs against granting Harris' motion to withdraw his guilty plea.
 {¶ 35} The third factor this court considers is the extent of Harris' Crim. R. 11 plea hearing. Harris argues that the hearing was deficient for the same reasons he raises in *Page 8 
his second assignment of error. As discussed above, Harris' argument that the Crim. R. 11 plea hearing was somehow deficient are meritless. Accordingly, this factor weighs against granting Harris' motion to withdraw his guilty plea.
 {¶ 36} Harris next argues that the trial court did not conduct an extensive hearing on his motion to withdraw his guilty plea. This argument appears to have some merit. After hearing the explanation of the circumstances surrounding Attorney Lavelle's presence, the trial court asked Harris why he wanted to withdraw his plea. After hearing Harris' answer, and without asking any follow-up questions, the court denied the motion to withdraw. The trial court did not afford Harris' counsel an opportunity to make an argument on his client's behalf. The hearing on Harris' motion to withdraw his guilty plea was thus not as extensive as it could have been. Accordingly, this factor weighs in favor of granting Harris' motion to withdraw the guilty plea.
 {¶ 37} Harris continues with the argument that the trial court did not give full and fair consideration to his motion to withdraw his guilty plea. This argument is based largely on the fact that the trial court immediately overruled Harris' motion. However, the record shows that the trial court considered the reasons Harris gave in favor of granting the motion and rejected them, based on the circumstances of this case. Most importantly, the trial court stated that it thought Harris' main motivation to withdraw his guilty plea was that the witness became reluctant to continue pressing charges and possibly would not cooperate with the State in the future. The record thus reflects that the trial court gave full and fair consideration to the motion to withdraw Harris' guilty plea.
 {¶ 38} Harris argues that the timing of his motion is irrelevant because the State would not have been prejudiced by a grant of his motion to withdraw his guilty plea. Harris' conclusion that the State would not have been prejudiced is incorrect, since there is reason to believe that the victim would now be a reluctant witness. Therefore, this argument weighs against the granting Harris' motion to withdraw his guilty plea.
 {¶ 39} Harris also contends that the delay between his initial discussions with Attorney Lavelle and the time the oral motion to withdraw the guilty plea were actually made at the sentencing hearing should not be attributed to him. However, the delay is directly attributable to Harris and his failure to either retain or communicate with Attorney *Page 9 
Lavelle. As Attorney Lavelle stated, "I didn't see a desire [to withdraw the guilty plea] based on his lack of follow-through." Thus, the timing of the motion will be considered as a factor which weighs against granting Harris' motion to withdraw his guilty plea.
 {¶ 40} Harris argues that he gave good reasons in favor of granting the motion to withdraw his guilty plea. However, his reasons amount to little more than regret over the possibility of a prison sentence and not fighting the charges in court. Such statements demonstrate nothing more than a change of heart, which does not constitute grounds for granting a motion to withdraw a guilty plea. Kramer at ¶ 58.
 {¶ 41} Finally, Harris never expressed that he was actually innocent of the charges. Although he expressed regret for not fighting the charges, he never gave any indication of how he could have successfully defended himself. Thus, this factor also weights against grating his motion.
 {¶ 42} When all the facts and circumstances of this case are reviewed together, we cannot find that the trial court abused its discretion when it denied Harris' motion to withdraw his guilty plea. Harris had looked into withdrawing that plea soon after he entered into the plea agreement, but did not diligently pursue that relief. His motion was made on the day of sentencing and was supported by nothing more than a statement of regret at pleading guilty rather than somehow fighting the charges against him. Furthermore, the State would also have been prejudiced by granting that motion since the victim indicated that she may now be a reluctant witness. For all these reasons, Harris' first assignment of error is meritless.
 Sentencing {¶ 43} Harris' final three assignments of error argue:
 {¶ 44} "The Defendant/Appellant's sentence was not proportional relative to the Defendant's conduct leading to the charges and therefore the sentences are contrary to law."
 {¶ 45} "Defendant/Appellant's sentence is contrary to law as it does not serve the overriding purposes and principles of sentencing as expressed in ORC 2929.11."
 {¶ 46} "The trial court's imposition of the maximum sentence in the present case is contrary to law and/or violates the mandates of ORC2929.13(A)." *Page 10 
 {¶ 47} Harris challenges the sentence imposed upon him by the trial court in three ways: 1) the trial court erred when ordering that those sentences be served consecutively because the trial court did not engage in the proportionality analysis required by R.C. 2929.14(E)(4), 2) the sentence imposed does not serve the principles and purposes of felony sentencing because it was excessive, and 3) the sentence will be unnecessarily burdensome on state or local government resources.
 {¶ 48} If a sentence "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge," then it is not reviewable on appeal. R.C. 2953.08(D); State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, at ¶ 24. Harris and the State of Ohio agreed to a four year sentence in exchange for Harris' plea. The trial court imposed two sentences of four years, to be run concurrently. Harris' sentence is authorized by law, as it is within the sentencing range prescribed by R.C. 2929.14(A)(3). Harris' final three assignments of error will not be reviewed on appeal and are meritless.
 {¶ 49} In conclusion, Harris' guilty plea was knowing, voluntary and intelligent. The trial court properly denied Harris' motion to withdraw his guilty plea. Finally, Harris' sentence is not reviewable on appeal. Accordingly, the judgment of the trial court is affirmed.
 Vukovich, J., Waite, J., concurs. *Page 1