OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Pro-se Appellant, Thomas Peterson, appeals the decision of the Mahoning County Court of Common Pleas that granted the State's motion for summary judgment and denied Peterson's petition for post-conviction relief as untimely.
 {¶ 2} On appeal, Peterson argues that he was denied due process because the court did not allow him adequate time to respond before ruling on the State's motion for summary judgment. Additionally, Peterson claims ineffective assistance of counsel, and asks this court to reconsider part of its decision in State v. Peterson, 7th Dist. No. 06-MA-70, 2007-Ohio-6917.
 {¶ 3} Peterson was not prejudiced by being unable to respond to the State's motion because the trial court had the discretion to summarily dismiss Peterson's petition sua sponte. Peterson's petition for post-conviction relief was untimely and does not satisfy any of the requirements for consideration of untimely petitions under R.C. 2953.23(A). Thus the trial court did not have jurisdiction to consider Peterson's petition. The petition was also subject to summary dismissal because Peterson's claim of ineffective assistance of counsel was barred by the doctrine of res judicata. Finally, Peterson's request for reconsideration is untimely, and we will not review the prior decision. Accordingly, we affirm the trial court's decision.
 Facts {¶ 4} On January 19, 2006, Peterson was indicted for four counts of assault and one count of failure to comply with the order or signal of a police officer. On March 14, 2006, Peterson pled guilty to two counts of assault and one count of failure to comply with the order or signal of a police officer. In exchange for Peterson's plea, the State dropped the other two assault charges. After an extensive hearing, the trial court accepted Peterson's guilty plea. Peterson's sentencing hearing was scheduled for May 4, 2006.
 {¶ 5} On April 3, 2006, Peterson contacted his counsel, stating that he wished to withdraw his guilty plea. Counsel filed a motion on Peterson's behalf on April 27, 2006. The trial court heard Peterson's motion to withdraw immediately prior to Peterson's sentencing hearing. On May 5, 2006, the trial court entered a journal entry which denied *Page 2 
Peterson's motion to withdraw his guilty plea. In a separate entry filed that same day, the trial court sentenced Peterson to the maximum sentence for failure to comply with the order or signal of a police officer, to non-minimum and non-maximum sentences for the two assaults, and ordered that all of these sentences be served consecutively.
 {¶ 6} Peterson filed a timely direct appeal, and this court affirmed the trial court's decision on December 3, 2007. State v. Peterson, 7th Dist. No. 06-MA-70, 2007-Ohio-6917. Peterson filed an application to reopen, which this court denied on March 18, 2008. On April 22, 2008, Peterson filed a delayed petition for post-conviction relief, alleging ineffective assistance of counsel. Peterson included unauthenticated copies of "Physician's Orders" and a letter from a previously appointed attorney in support of his claim. The State filed a Motion for Summary Judgment on May 2, 2008, requesting that the court summarily dismiss Peterson's petition as both untimely and meritless. On May 12, 2008, the trial court sustained the State's motion for summary judgment. Peterson filed a Motion for Reconsideration with the trial court, for which the State filed a Brief in Opposition on May 22, 2008. The court overruled Peterson's Motion for Reconsideration on May 27, 2008.
 Untimely Post-conviction Petition {¶ 7} In his first of two assignments of error, Peterson asserts:
 {¶ 8} "The trial court denied due process and abused its discretion in granting summary judgment."
 {¶ 9} Peterson argues that he was denied due process because the court granted summary judgment without affording Peterson adequate time to respond to the State's motion. While it is true that the trial court ruled on the State's motion after only ten days, the timing of the trial court's decision did not prejudicially affect Peterson's due process rights because Peterson's petition was facially untimely.
 {¶ 10} An appellate court applies a de novo standard of review when reviewing a trial court's decision to deny a petition for post-conviction relief without a hearing. State v. Herring, 7th Dist. No. 06-JE-8, 2007-Ohio-3174, at ¶ 14. Post-conviction review is not a constitutional right. State v. Keith, 176 Ohio App.3d 260,2008-Ohio-741, *Page 3 891 N.E.2d 1191, at ¶ 26. A post-conviction petition is a special civil action governed exclusively by statute, thus "a petitioner receives no more rights than those granted by the statute." State v. Calhoun,86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905. A trial court has the discretion to dismiss a petition for post-conviction relief without any responses from the State or the Petitioner, if "the petition fails to set forth any substantive ground upon which relief can be granted."In re J.B., 12th Dist. Nos. CA2005-06-176, CA2005-07-193, CA2005-08-377,2006-Ohio-2715, at ¶ 48; see also State v. McNeill (2000),137 Ohio App.3d 34, 40, 738 N.E.2d 23 ("If the petition is baseless on its face, the trial court need not review the record to establish that dismissal is warranted.").
 {¶ 11} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals when there is a direct appeal of the conviction. In cases where the petition was filed in an untimely manner, the trial court will not consider the petition unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner then must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the petitioner satisfies the applicable requirements within R.C. 2953.23(A), the trial court lacks jurisdiction to consider the untimely petition for post-conviction relief. State ex rel. Kimbrough v. Greene,98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155; State v. Johnson,144 Ohio App.3d 222, 226, 2001-Ohio-3301, 759 N.E.2d 889.
 {¶ 12} The trial court filed its sentencing entry in Peterson's case in May 2006, and transcripts related to his appeal were filed between June and November of 2006. Peterson filed a petition for post-conviction relief on April 22, 2008, well after the one hundred eighty day filing deadline had passed. Because the petition was untimely, Peterson needed to show that he satisfied the requirements of R.C. 2953.23(A)(1) before *Page 4 
the trial court could consider the merits of his petition.
 {¶ 13} In his petition, Peterson claims he was unavoidably delayed in his filing because difficulties with counsel prevented him from obtaining medical records to support his claim. Peterson does not argue that he was unavoidably prevented from discovering his medical condition; it is clear that such facts were known to Peterson at the time of trial and appeal. Additionally, Peterson's petition makes no claim based on a new federal or state right recognized by the United States Supreme Court that applies retroactively to his case. Therefore, Peterson has not satisfied the alternative criteria set forth in R.C. 2953.23(A)(1)(a). Moreover, Peterson failed to satisfy the second prong of R.C. 2953.23(A)(1) because he did not establish his claim that his guilty plea was not voluntary, knowing, and intelligent beyond simply stating that he took psychotropic medications, and presented no evidence to prove that such facts would have affected the outcome of his trial.
 {¶ 14} Because Peterson did not satisfy the criteria set forth in R.C. 2953.23(A)(1) governing untimely post-conviction relief petitions, the trial court lacked jurisdiction to consider the merits of the petition. Accordingly, the trial court properly granted summary judgment rejecting Peterson's petition prior to Peterson responding to the State's summary judgment motion, as this lack of jurisdiction was apparent from the face of the petition.
 {¶ 15} Moreover, the Ohio Rules of Civil Procedure and local court rules "apply in postconviction proceedings to the extent they are not inconsistent with R.C. 2953.21." In re J.B., 12th Dist. Nos. CA2005-06-176, CA2005-07-193, CA2005-08-377, 2006-Ohio-2715, at ¶ 46. Thus, the requirements for hearings and deadlines for briefs in the local Civil Rules of the Mahoning County Court of Common Pleas do not apply to Peterson's petition because sua sponte dismissal of the petition was permitted through R.C. 2953.21.
 {¶ 16} Because Peterson failed to file his petition for post-conviction relief within the jurisdictional time limit, and because the petition failed to establish any right to relief, the trial court did not err when it ruled on Peterson's petition ten days after the State filed *Page 5 
a motion for summary judgment. Peterson's first assignment of error is meritless.
 Ineffective Assistance of Counsel {¶ 17} In his second assignment of error, Peterson asserts
 {¶ 18} "Appellant received ineffective assistance of counsel pursuant to counsel's failure to invoke the safeguards attributed to guilty pleas in felony cases."
 {¶ 19} In the present case, the attorney appointed to Peterson's case on appeal was not the same attorney who served as Peterson's counsel at trial. Peterson claims that trial counsel actively lied to the court about Peterson's mental state, and told Peterson to lie to the court about being under the influence of drugs. Peterson asserts that he did not willingly sign his plea agreement and only did so under duress at the hands of his counsel. Peterson further asserts that trial counsel failed to bring these issues to light during the plea withdrawal hearing.
 {¶ 20} Res judicata is applicable to claims of ineffective assistance of counsel. Pursuant to the doctrine of res judicata, "a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." State v. Reynolds,79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131. If appellate counsel is different than trial counsel, and if the "issue could fairly have been determined without resort to evidence dehors the record," then a claim of ineffective assistance of trial counsel must be raised on direct appeal. State v. Cole (1982), 2 Ohio St.3d 112, 2 OBR 661,443 N.E.2d 169, syllabus. Failure to raise this claim on appeal bars review under a petition for post-conviction relief. Id. at 114. However, a Petitioner may surmount this bar if he presents "new, competent, relevant and material evidence dehors the record" which demonstrates substantive grounds for relief. State v. Cowan, 151 Ohio App.3d 228,2002-Ohio-7271, 783 N.E.2d 955, at ¶ 15.
 {¶ 21} The actions of trial counsel that Peterson alleges were known to Peterson at the time of his appeal, and could have been addressed at that time. The evidentiary items Peterson filed to support his petition for post-conviction relief are 1) a transcript of Peterson's plea hearing, 2) a list of medications, 3) a letter from appellate counsel, and 4) a copy of this court's decision on appeal. None of these items is "new, competent, *Page 6 
relevant, and material evidence dehors the record," proving that Peterson's plea was not voluntary due to the actions of his trial counsel. Peterson thus did not demonstrate that an exception to res judicata applied to his petition.
 {¶ 22} Peterson's merits argument regarding ineffective assistance of counsel is barred by the doctrine of res judicata, and otherwise mooted by our disposition of the first assignment of error. Therefore, his second assignment of error is meritless.
 Request for Review of Prior Decision {¶ 23} As an additional matter, Peterson asks that this court review its decision regarding his pro-se supplemental assignment of error inState v. Peterson, 7th Dist. No. 06-MA-70, 2007-Ohio-6917. A motion for reconsideration of an appellate decision must be filed within ten days of the decision. App. R. 26(A). Peterson's request was submitted to this court months after the December 3, 2007 decision, and is thus untimely. This court therefore declines to revisit its decision.
 {¶ 24} The trial court did not err in summarily dismissing Peterson's petition as it was untimely. Peterson's substantive arguments are meritless, and are otherwise mooted by the disposition of the jurisdictional issue. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs. *Page 1