OPINION
{¶ 1} Defendant-appellant David Brown appeals from his conviction and sentence, following a guilty plea, to eleven counts of Illegal Use of a Minor in Nudity Oriented Material and one count of Unlawful Sexual Conduct with a Minor. Brown contends that the trial court erred by failing to hold a hearing to determine whether the *Page 2 
offenses were committed with a separate animus as to each offense. He further contends that the trial court abused its discretion with regard to sentencing. Finally, Brown claims that his plea was not voluntary, knowing or intelligent.
 {¶ 2} We conclude that because Brown failed to raise the separate-animus question in the trial court, Brown has forfeited all but plain error, which he has failed to demonstrate. Further, we conclude that Brown has failed to demonstrate any error with regard to the sentence imposed by the trial court, and he has failed to show that his plea was not properly made and accepted. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} On October 10, 2006, David Brown pled guilty to eleven counts of Illegal Use of a Minor in Nudity Oriented Material, in violation of R.C.2907.323, and one count of Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04. Brown was sentenced to a total of ten years for the offenses of Use of a Minor in Nudity Oriented Material and to five years for the offense of Unlawful Sexual Conduct With a Minor. The sentences were ordered to run consecutively, for a total sentence of fifteen years.
 II {¶ 4} Brown's First Assignment of Error states as follows:
 {¶ 5} "THE TRIAL COURT ERRED BY NOT CONDUCTING A HEARING FOR THE PURPOSE OF DETERMINING WHETHER THE MULTIPLE OFFENSES TO WHICH APPELLANT PLED WERE COMMITTED SEPARATELY OR WITH A *Page 3 
SEPARATE ANIMUS AS TO EACH OFFENSE."
 {¶ 6} Brown contends that the trial court failed to determine whether the offenses for which he was convicted are allied offenses of similar import, as set forth in R.C. 2941.25. Specifically, he argues that the record before us, which contains only one videotape, does not indicate whether the eleven charges of Illegal Use of a Minor in Nudity Oriented Material arose from a single incident or from separate occurrences. Thus, he claims that the trial court erred by ordering consecutive sentences on the convictions for those charges.
 {¶ 7} We begin by noting that Brown has forfeited all but plain error on this issue by failing to raise it in the trial court. State v.Denham, Greene App. No. 2001 CA 105, 2002-Ohio-3912, ¶ 10, citingState v. Comen (1990), 50 Ohio St. 3d 206, 211. An appellate court takes notice of a claim of plain error "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, 97. Under the plain error standard, Brown must demonstrate that the outcome would clearly have been different but for the errors that he alleges. Id.
 {¶ 8} R.C. 2941.25 provides as follows:
 {¶ 9} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment *Page 4 
or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 11} R.C. 2907.323 provides in pertinent part as follows:
 {¶ 12} "(A) No person shall do any of the following:
 {¶ 13} "(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity. . . ."
 {¶ 14} Brown is correct in that the sole videotape provided to this court appears to involve a single incident, which supports the conviction for Unlawful Sexual Conduct With a Minor and for one count of Illegal Use of a Minor in Nudity Oriented Material. However, the record also demonstrates that there were fifteen different film clips, some of which were spliced into a pornographic movie. According to the record, the clips show one victim in various settings and poses displaying her breasts and genitals. One clip shows Brown engaging in sexual conduct with that victim. Another clip shows the victim and another minor victim with their breasts exposed. According to the Pre-sentence Investigation Report, the police recovered a "host of pornographic tapes" from Brown's residence. Further, the record shows that Brown pled guilty to counts charging that the activity took place over the course of three years, beginning when the child was only eleven years old.
 {¶ 15} Given this record, we cannot say that Brown has demonstrated that there was only one incident or that he was entitled to have the eleven charges merged for purposes of sentencing. Furthermore, Brown has failed to show that the result would have been clearly different had the trial court conducted a hearing regarding whether *Page 5 
these were allied offenses of similar import. Therefore, the First Assignment of Error is overruled.
 III {¶ 16} Brown's Second Assignment of Error is as follows:
 {¶ 17} "THE TRIAL COURT ERRED BY SENTENCING MR. BROWN TO FIFTEEN YEARS IMPRISONMENT ARBITRARILY AND EXCESSIVELY, IN VIOLATION OF OHIO LAW."
 {¶ 18} In this assignment of error, Brown contends that the trial court erred with regard to sentencing because the record reveals "no rhyme or reason" for the sentence imposed and because the trial court imposed a sentence "exceeding the penalty usually exacted for similar offenses."
 {¶ 19} Following State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, when imposing a sentence, a trial court must still consider the purpose of the felony sentencing law as set forth in R.C. 2929.11 as well as the seriousness and recidivism provisions of R.C. 2929.12. From our review of the record, we cannot say that the court failed to do so. Nor can we say that the trial court abused its discretion in imposing sentence.
 {¶ 20} According to the victim, Brown engaged in this behavior with her on a weekly basis for several years. The videotape before this court, which is over thirty minutes long, shows Brown engaging in extended oral sex with the victim. The record indicates that the police confiscated fifteen different video clips of the victim in various poses, settings and stages of undress. Further, there is evidence in the record *Page 6 
supporting the trial court's finding that Brown is not remorseful and that he, in fact, blames the victim for his actions. The record also supports the trial court's finding that Brown's actions have had a profound and lasting impact upon the victim. Finally, there is also evidence in the record that Brown attempted to intimidate the victim following his arrest.
 {¶ 21} The record does not support a claim that the trial court failed to comply with its duties or that the sentence is an abuse of discretion. The Second Assignment of Error is overruled.
 IV {¶ 22} The Third Assignment of Error raised by Brown provides as follows:
 {¶ 23} "APPELLANT'S PLEA WAS NOT VOLUNTARY, KNOWING, AND INTELLIGENT DUE TO THE INEFFECTIVE ASSISTANCE OF APPELLANT'S TRIAL COURT COUNSEL AND THE PROCEDURAL DEFECTS OF THE TRIAL COURT."
 {¶ 24} Brown contends that he did not understand the consequences of entering a guilty plea because counsel failed to adequately represent his interests and because the trial court did not follow proper procedures to ascertain whether he fully understood what he was doing.
 {¶ 25} The two issues raised by Brown are intertwined. First, he contends that the record shows that he was clearly dissatisfied with trial counsel's representation. Second, he contends that the trial court did not adequately resolve the issue prior to accepting his guilty plea.
 {¶ 26} We begin with the claim that trial counsel was ineffective and failed to *Page 7 
properly represent him with regard to the plea. In support of this argument, Brown notes that the record of the plea hearing shows that he was "unsatisfied" with his counsel at the plea hearing — a fact that he claims shows that he was confused. In his appellate brief, Brown claims that he was dissatisfied because counsel did not file a motion to suppress evidence, did not raise a challenge to the transfer of his case to a probate judge, and did not ask for a hearing on the question of whether the convictions were the result of a separate animus.
 {¶ 27} However, we note that none of the above-cited reasons are demonstrated in the record before us and have no bearing on whether Brown understood the consequences of his plea. What the record does demonstrate is that at the plea hearing defense counsel informed the court that Brown was dissatisfied with his services because Brown believed that counsel was "working for the State" and trying to "railroad him" into accepting a plea agreement.
 {¶ 28} As Brown acknowledges, the trial court proceeded to question him to determine whether he wanted to proceed with the plea. In response, Brown stated, "I think it would probably be to my best interests to proceed[,]" and "I can't go to trial." Brown did not articulate any reason for being unhappy with counsel, and indeed, did not even state that he was dissatisfied. After several pages of questioning in the transcript, the trial court determined that Brown wished to proceed with the plea hearing.
 {¶ 29} There is nothing in the record before us to indicate that Brown's plea was not voluntary, knowing and intelligent, despite trial counsel's statement regarding Brown's dissatisfaction. Other than a vague distrust of counsel, no other problem was identified. The trial court properly determined that Brown wished to tender the plea, *Page 8 
regardless of any dissatisfaction with counsel. The record shows that the trial court, prior to accepting the plea, conformed with the Crim.R. 11 requirements and adequately advised Brown of his constitutional rights. Thus, we find no support for Brown's claim that his plea was not made with full awareness of its consequences. Therefore, Brown's Third Assignment of Error is overruled.
 V {¶ 30} All of Brown's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
Copies mailed to:
Amy M. Smith
Martin A. Foos
Mark J. Sedor
 Hon. Richard P. Carey *Page 1