[Cite as *State v. Harris*, 2014-Ohio-3888.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                           :

      Plaintiff-Appellee,                    :

                                                **No. 13AP-1014**
v.                                                      :     (C.P.C. No. 12CR-5495)

Quincey B. Harris,                                      :          **(REGULAR CALENDAR)**

      Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on September 9, 2014

---

*Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellee.

*Thomas A. Gjostein*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, Quincey B. Harris, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty pleas, of murder with a firearm specification, in violation of R.C. 2903.02 and 2941.145, and felonious assault, in violation of R.C. 2903.11. Because defendant knowingly, intelligently, and voluntarily entered his guilty pleas, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On October 25, 2012, plaintiff-appellee, the State of Ohio ("state") indicted defendant on two counts of murder, unclassified felonies, one count of attempted murder, a felony of the first degree, and three counts of felonious assault, felonies of the second degree, all with repeat violent offender specifications in accordance with R.C. 2941.149

and firearm specifications in accordance with R.C. 2941.145. The state also indicted defendant on one count of tampering with evidence, a felony of the third degree, with a firearm specification in accordance with R.C. 2941.141, and one count of having a weapon while under disability, a felony of the third degree.

{¶ 3} The events giving rise to the indictment, as recited by the prosecutor at the plea hearing, occurred on March 16, 2013 at approximately 7:30 p.m. At that time, Columbus police officers were dispatched to 1693 Cordell Ave. in Columbus, Ohio on a call of a shooting. When police arrived, they found two individuals suffering from gunshot wounds, Maurice Roberts and Donald Smith. Earlier in the day, Smith was involved in a verbal altercation with several people at 1667 Cordell Ave., including defendant. Smith was associated with people staying at 1693 Cordell Ave., and after the verbal altercation at 1667 Cordell Ave., Smith returned to 1693 Cordell Ave. Thereafter, defendant and other individuals from 1667 Cordell Ave. walked down the street to 1693 Cordell Ave.

{¶ 4} As defendant stood in front of 1693 Cordell Ave., Roberts arrived in a car. When Roberts got out of the car, defendant pulled out a gun and shot Roberts once in the head. Defendant then shot Smith several times. Defendant fled the scene, ran back to 1667 Cordell Ave., and hid the gun in his girlfriend's car. Witnesses at the scene identified defendant as the shooter. Police detained and interviewed defendant. Defendant informed the police that he had not been outside and had not touched a gun that day. The police subsequently tested defendant's shirt for gunshot residue, and "[t]here was gunshot residue all over * * * the shirt." (Tr. 18.) Roberts died from the gunshot wound to his head; Smith survived his injuries.

{¶ 5} Defendant entered into a plea bargain with the state, whereby defendant agreed to plead guilty to the charges of murder with a firearm specification and to felonious assault without a specification. In exchange for defendant's guilty pleas, the state would ask the court to dismiss the remaining charges.

{¶ 6} Accordingly, on September 9, 2013, defendant, while represented by counsel, appeared before the trial court and pled guilty to one count of murder with a firearm specification and one count of felonious assault without a specification. The court engaged in a Crim.R. 11 plea colloquy with defendant and found that defendant had

entered his guilty pleas knowingly, voluntarily, and intelligently. The court accepted defendant's guilty pleas and found him guilty of murder with a firearm specification and of felonious assault. The court entered a nolle prosequi as to the remaining charges and specifications in the indictment.

{¶ 7} The court proceeded immediately to sentencing and imposed the jointly recommended sentence. The court sentenced defendant to 15 years to life on the murder charge, with a consecutive 3-year term of imprisonment on the firearm specification, and to 8 years of imprisonment on the felonious assault charge. The court ran the sentence on the felonious assault charge concurrent with the sentence on the murder charge, rendering defendant's total prison sentence to 18 years to life.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Defendant appeals, assigning the following errors:

> [I.] THE TRIAL COURT ERRED FOR FAILURE TO COMPLY WITH THE CRIMINAL RULE 11, COLLUQUY [sic] ON VOLUTNARINESS, [sic] IN NOT INFORMING APPELLANT THAT PROBATION OR COMMUNITY CONTROL COULD NOT BE IMPOSED AT SENTENCING IN THIS CASE.

> [II.] THE TRIAL COURT ERRED WHEN IT DID NOT COMPLY WITH CRIM. R. 11, FOR FAILURE TO DETERMINE THAT THE APPELLANT UNDERSTOOD THE NATURE AND ELEMENTS OF THE CHARGES AGAINST HIM.

> [III.] THE TRIAL COURT ERRED IN FAILING TO VACATE THE APPELLANT'S GUILTY PLEA, WHICH WAS NOT ENTERED INTO KNOWINGLY AND VOLUNTARILY, IN VIOLATION OF CRIM. R. 11 AND THE DUE PROCESS CLAUSES OF OHIO AND FEDERAL CONSTITUTIONS, AFTER THE EXPRESSION OF DISSATISFACTION WITH TRIAL COUNSEL WAS MADE BY APPELLANT WITH NO FURTHER INQUIRY BY THE COURT.

## III. FIRST AND SECOND ASSIGNMENTS OF ERROR – CRIM.R. 11(C)(2)(a)

{¶ 9} Defendant's first and second assignments of error assert that his guilty pleas are invalid because the trial court did not comply with Crim.R. 11(C)(2). Under his first assignment of error, defendant asserts that the trial court failed to inform him that he

would be ineligible for probation or community control as a result of his guilty pleas. Under his second assignment of error, defendant asserts that the trial court failed to determine whether defendant understood the nature and the elements of the charges to which he was pleading guilty.

{¶ 10} To help ensure that guilty pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11(C) sets forth specific requirements for a trial judge to follow when accepting a guilty plea. *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 9. Pursuant to Crim.R. 11(C)(2), a court may not accept a guilty plea in a felony case without first addressing the defendant personally and doing the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} "A trial court must personally inform a defendant about the critical constitutional rights that he waives by pleading guilty before it accepts the defendant's plea." *State v. Duncan*, 10th Dist. No. 97APA08-1044 (Apr. 2, 1998). Crim.R. 11(C)(2)(c) sets for the constitutional rights a defendant gives up by pleading guilty, and a trial court must strictly comply with the mandates of Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus. The trial court herein specifically advised defendant of the constitutional rights he was waiving by pleading guilty to the charges. (*See* Tr. 14-16.)

{¶ 12} Defendant asserts that "[f]or the non-constitutional requirements of Rule 11 of the Rules of Criminal Procedure, strict compliance controls the colloquy between the trial court and the Defendant." (Appellant's brief, 10.) Defendant is mistaken. While a trial court must strictly comply with the constitutional requirements in Crim.R. 11(C)(2)(c), a trial court must only substantially comply with the requirements of Crim.R. 11(C)(2)(a) and (b), regarding non-constitutional rights. *Id.* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). *See also State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, syllabus (noting that "[a]n alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea"). Furthermore, "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Nero* at 108. The test for prejudice "is whether the plea would have otherwise been made." *Id.*

{¶ 13} Defendant asserts that the "trial court did not make any inquiry into the understanding of the Defendant, nor did it advise him, of his ineligibility for probation or community control on sentence in this matter." (Appellant's brief, 9.) Although the trial court did not orally advise defendant that he was ineligible for community control, the record herein demonstrates that defendant subjectively understood that he was ineligible for either community control or probation.

{¶ 14} During the plea hearing, the prosecutor recited the crimes defendant was charged with, the maximum penalties for the crimes to which defendant was pleading guilty, and noted that defendant had "been informed that Count 1, the firearm specification, are mandatory prison terms under 2929.13." (Tr. 4.) During the plea colloquy, the court informed defendant that he would be subject to a mandatory post-release control period of three years on the felonious assault charge. Defendant also informed the court that he was on probation in another case, and the court informed defendant that his guilty pleas in the instant case could result in a revocation of that probation.

{¶ 15} The court further noted that it had defendant's signed entry of guilty plea form before it during the plea colloquy. Upon inquiry from the court, defendant indicated

that he had reviewed the entry of guilty plea form with his attorney and that his attorney was able to answer defendant's questions about the form. The entry of guilty plea form states that "R.C. 2929.13(F) requires mandatory prison term(s) for" the charge of murder and the firearm specification, and states that defendant "will not be eligible for community control sanctions, judicial release, or earned days of credit in relation to this/these term(s)." There is a check mark placed next to this statement on the entry of guilty plea form.

{¶ 16} Accordingly, as defendant knew that he was subject to mandatory prison time followed by a period of post-release control, and as defendant signed the entry of guilty plea form which stated that he was ineligible for community control, the totality of the circumstances demonstrate that defendant subjectively understood that he was ineligible for community control or probation. Moreover, the record demonstrates that defendant was on probation in another case when he entered his guilty pleas in the instant case. In exchange for defendant's guilty pleas in the instant action, charges of murder, attempted murder, felonious assault, tampering with evidence, and having a weapon while under disability were dismissed. Under such circumstances, defendant could not have reasonably believed that there was a possibility that he would be eligible for community control or probation in this case. *See Nero* at 108. Additionally, defendant has not alleged that, if the court had informed him that he was ineligible for community control, he would not have pled guilty to the crimes at issue. Accordingly, defendant has demonstrated no prejudice. *See State v. Cantrell*, 10th Dist. No. 01AP-818 (Mar. 26, 2002).

{¶ 17} Defendant's second assignment of error asserts that the trial court did not advise defendant of the nature or the elements of the charges against him. "The mandate that the defendant must be informed of the nature of the charges is a non-constitutional right" contained in Crim.R. 11(C)(2)(a). *State v. Smith*, 10th Dist. No. 10AP-143, 2010-Ohio-4744, ¶ 14.

{¶ 18} Defendant asserts that his guilty pleas should be vacated because the "trial court did not explain the elements of the Murder and Felonious Assault charges as indicated in its colloquy with the Appellant." (Appellant's brief, 12.) However, Crim.R. 11(C)(2)(a) "does not require a trial court to provide a detailed explanation of the elements

of the charges against a defendant." *Smith* at ¶ 16, citing *State v. Fitzpatrick*, 102 Ohio St.3d 331, 2004-Ohio-3167, ¶ 56-57, citing *Henderson v. Morgan*, 426 U.S. 637 (1976). "[T]he trial court does not need to inform the accused of the actual elements of the charged offense; a defendant can obtain this information from whatever source, be it from the trial court, the prosecutor, or some other source." *State v. Harris*, 7th Dist. No. 08MA30, 2008-Ohio-6298, ¶ 22. *See also State v. Carter*, 60 Ohio St.2d 34, 38-40 (1979) (noting a presumption that defense counsel informed the client of the nature of the charge).

{¶ 19} This court has stated that a guilty plea is made with an understanding of the nature of the charges when: (1) a defendant is addressed in court and informs the court that he understands what he is pleading guilty to; (2) his signed guilty plea states that he has reviewed the law and the facts with his counsel; and (3) counsel advises the court that he has reviewed the facts and the law with his client and that his client has read the plea form. *State v. Triplett*, 10th Dist. No. 11AP-30, 2011-Ohio-4480, ¶ 22; *Cantrell*.

{¶ 20} During the plea colloquy, defendant indicated that he understood the nature of the charges against him. The trial court asked defendant:

> Have you had the opportunity to discuss the charges against you with your attorney?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And has he been able to answer any questions that you may have had with respect to those charges?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you feel that you understand the charges against you?
>
> THE DEFENDANT: Yes, ma'am.

(Tr. 6.)

{¶ 21} Before accepting defendant's guilty pleas, the court noted that it was "important that [defendant] understand that [he]'ll be changing [his] plea today to guilty of Count 1, murder with a specification to the three-year firearm specification, and Count 3, felonious assault without specification." (Tr. 10.) The prosecutor recited the facts of the

case into the record, and defendant did not voice any objection to the prosecutor's statement of the facts. After the prosecutor stated the facts, the court reiterated that defendant was pleading guilty to murder with a specification and to felonious assault. The court asked defendant: "Do you admit your guilt to these offenses?" (Tr. 19.) Defendant responded: "Yes, Your Honor." (Tr. 19.)

{¶ 22} Defendant's signed guilty plea form states that he "reviewed the facts and law of [his] case with [his] counsel." Defendant's attorney also signed the entry of guilty plea form, certifying that he had "counseled [his] client to the best of [his] professional ability with respect to the facts and law of this case."

{¶ 23} The totality of the circumstances demonstrate that defendant subjectively understood the nature of the charges to which he pled guilty. The court was not obligated to inform defendant of the elements of the charges, and defendant does not allege that he would not have pled guilty had the court personally explained the elements of the offenses at issue. Accordingly, defendant has not established prejudice.

{¶ 24} Because the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a), and defendant subjectively understood the nature of the charges against him and that he was ineligible for community control or probation, we overrule defendant's first and second assignments of error.

## IV. THIRD ASSIGNMENT OF ERROR – DISSATISFACTION WITH COUNSEL

{¶ 25} Defendant's third assignment of error asserts that his guilty pleas were not knowingly and voluntarily made, because a manifest injustice occurred "when the court did not enquire [sic] further of the Appellant, subsequent to his expression of dissatisfaction with trial counsel." (Appellant's brief, 14-15.)

{¶ 26} " 'Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel * * *, it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record.' " *State v. Johnson,* 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 68, quoting *State v. Deal*, 17 Ohio St.2d 17 (1969), syllabus. This " 'limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.' " *Johnson* at ¶ 68, quoting *State v. Carter*, 128 Ohio App.3d 419, 423

(4th Dist.1998). *See also State v. Payne*, 8th Dist. No. 69858 (Aug. 15, 1996) (noting that "there is no requirement in Crim.R. 11 which mandates that a court, prior to accepting a plea of guilty in a felony case, must inquire into a defendant's satisfaction with his representation").

{¶ 27} The court asked defendant at the plea hearing if defendant was satisfied with defense counsel's representation. The following exchange then occurred:

> THE DEFENDANT: Sort of I am. I am, but I just feel like it could have been a better sentence for - -
>
> [DEFENSE COUNSEL] MR. ARMENGAU: If I can - -
>
> THE COURT: You may.
>
> [DEFENSE COUNSEL]: -- help the Court out a little bit. In speaking to [defendant], he has expressed a lot of disappointment in the - - in the offer. I had spoken to Ms. Geraghty [the prosecutor], primarily Ms. Geraghty, Mr. Lowe very briefly at the beginning, but - - you know, trying to get this resolved really at a lower end number. And for the State's own reasons, they were determined that if this was going to be a plea it would have to be with a life tail. [Defendant] was very dissatisfied with that. I have attempted on numerous occasions to get a flat sentence and could not do it.
>
> And [defendant] actually spoke today to both Mr. Lowe and Ms. Geraghty himself in pursuing that effort. And I've not been able to accomplish that.
>
> So I think his dissatisfaction is with the offer.
>
> THE COURT: Okay. Is that true, Mr. Harris, what your counsel just said?
>
> THE DEFENDANT: Yes, ma'am. Yes, ma'am.
>
> THE COURT: Okay. The attorneys in this case have indicated to me that you want to change your not guilty plea at this time and enter a plea of guilty to the offenses stated in the entry of guilty plea form; is that correct?
>
> THE DEFENDANT: Yes, ma'am.

(Tr. 6-8.)

{¶ 28} The record does not support defendant's contention that he expressed dissatisfaction with his trial counsel. Defendant and defense counsel both informed the court that defendant was dissatisfied with the State's plea offer, but not with counsel's representation. Moreover, when defendant indicated that he might have been dissatisfied with his representation, the court fully investigated the matter, determined that defendant was satisfied with his representation, and confirmed that defendant desired to plead guilty to the charges of murder with a specification and felonious assault without a specification. *See State v. Brown*, 2d Dist. No. 2006-CA-114, 2008-Ohio-3610, ¶ 29 (noting that the trial court "properly determined that Brown wished to tender the plea, regardless of any dissatisfaction with counsel"). Additionally, defendant's signed entry of guilty plea form states: "I am completely satisfied with the legal representation and advice I have received from my counsel."

{¶ 29} Based on the foregoing, defendant's third assignment of error is overruled.

## V. DISPOSITION

{¶ 30} Having overruled all three of defendant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

————————————————