DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Scott D. Barrett, appeals from the decision of the Summit County Court of Common Pleas which denied his motion to file a second petition for post-conviction relief, pursuant to R.C. 2953.21. We affirm.
 {¶ 2} On June 21, 1999, Defendant pled guilty to conspiracy to engage in a pattern of corrupt activity, in violation of R.C.2923.01. Defendant was sentenced to four years of imprisonment. However, he was granted judicial release on February 4, 2000 and was placed on community control for five years. Defendant did not file an appeal.
 {¶ 3} Thereafter, on February 19, 2002, Defendant pled guilty to a community control violation. Community control was reinstated. Seven months later, on September 24, 2002, Defendant again pled guilty to another community control violation and his initial sentence was then imposed. Defendant did not file a direct appeal. However, on March 17, 2003, he filed a petition for post-conviction relief. In the petition, Defendant attempted to raise issues relating to the sentencing hearing conducted in 1999. The court denied Defendant's petition. Defendant then filed a motion for delayed appeal of the September 24, 2002 order, which this Court subsequently denied.
 {¶ 4} On June 20, 2003, Defendant filed a motion for leave to file a second petition pursuant to R.C. 2953.21. The motion was denied. Defendant timely appealed asserting four assignments of error for review.
 ASSIGNMENT OF ERROR I
"The trial [c]ourt failed to include findings of fact with the decision to deny relief. This prevented [Defendant] from filing an appeal."
 {¶ 5} In his first assignment of error, Defendant is attempting to assert error relating to his first petition for post-conviction relief, which was denied on September 24, 2002. Defendant contends that the trial court's failure to make findings of fact when dismissing his first petition prevented him from filing an appeal. We note that Defendant filed a motion for delayed appeal from the September 24, 2002 order, which was denied by this Court. Thus, as Defendant's motion for a delayed appeal relating to the denial of his first petition for post-conviction relief was denied, his first assignment of error will not be further addressed.
 ASSIGNMENT OF ERROR II
"The trial [c]ourt erred as a matter of law for refusing to allow the filing of a second petition for relief with evidence attached when first [sic.] one was dismissed without a hearing or decision on the merits."
 {¶ 6} In his second assignment of error, Defendant contends that the trial court erred when it denied his motion to file a second petition pursuant to R.C. 2953.21. Inasmuch as R.C.2953.21 relates to the amendment of one's first petition for post-conviction relief, we disagree with Defendant's contentions.
 {¶ 7} In his motion, entitled "Motion for Leave to File Either a Second of Successive Petition Pursuant to R.C. 2953.21
et seq.[,]" Defendant asserts that one may file a "second or successive petition with leave from the courts." R.C. 2953.21(F), provides:
"[a]t any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter."
Thus, a trial court is given the discretion to grant or deny a defendant leave to amend a petition for post-conviction relief.State v. Williams (Nov. 17, 1999), 9th Dist. No. 19437, at 5. Absent an abuse of that discretion, an appellate court will not overturn the trial court's decision. Id. See, also, State v.Byrd (2001), 145 Ohio App.3d 318, 333. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,1993-Ohio-122.
 {¶ 8} In the present matter, Defendant filed the motion to amend his petition on June 20, 2003, three months after the State filed a motion to dismiss and two and a half months after the court rendered its decision on the initial petition. As the motion was filed after the court denied Defendant's petition for post-conviction relief, we are unable to conclude that the court's action denying Defendant leave to amend was arbitrary, unreasonable, or unconscionable. See State v. Bays, 2nd Dist. No. 2003 CA 4, 2003-Ohio-3234, at ¶ 24 (finding that a court does not abuse its discretion when denying a motion that was filed after its decision was rendered). Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"[Defendant] was denied effective assistance of counsel in violations [sic.] of his rights to the [S]ixth and [F]ourteenth [A]mendments to the United States Constitution and Article I, [S]ection 10 of the Ohio Constitution."
 ASSIGNMENT OF ERROR IV
"The trial [c]ourt failed to comply with [R.C. 2929.14(B)] and Criminal Law 986(3) when imposing a sentence of (4) years."
 {¶ 9} In his third and fourth assignments of error Defendant has essentially argued that the trial court erred when it failed to comply with R.C. 2929.14(B) and his constitutional rights were violated as a result of ineffective assistance of counsel. However, we decline to address Defendant's remaining assignments of error in light of our disposition of the first two assignments of error. See App.R. 12(A)(1)(c); State v. Gegia, 9th Dist. No. 21438, 2003-Ohio-3313, at ¶ 9.
 {¶ 10} Defendant's first and second assignments of error are overruled. The remaining assignments of error have not been addressed. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J. and Batchelder, J., concur.