OPINION
{¶ 1} Allen T. Cressel appeals from his conviction after a jury trial in the Montgomery County Common Pleas Court of Receiving Stolen Property (a motor vehicle). In his first assignment of error, Cressel argues that the trial court erred in imposing a maximum consecutive sentence to a sentence imposed in another matter. Cressel was sentenced to a maximum term of 18 months on the receiving conviction consecutive to a 12 month sentence imposed in Case No. 2003-CR-7390.
 {¶ 2} Cressel also appeals from his conviction of domestic violence in Case No. 2003-CR-7390. He contends in his first assignment that the trial court abused its discretion in refusing to permit him to withdraw his guilty plea to the domestic relation charge.
 {¶ 3} On September 18, 2003, Cressel entered a guilty plea to the domestic violence charge after the prosecutor recommended he receive community control sanctions and counseling. At the time of the plea, the trial court warned Cressel to have no contact with the domestic victim or "all deals would go away." (Tr. 7 — 9).
 {¶ 4} At sentencing, the trial court explained its reasons for sentencing the defendant. "* * * [W]hen we took the plea on this and there was an agreement between your attorney and the prosecutor as to how many months you would do, and I was inclined to go along with it. I made it clear to you at the time that if anything else happened that the deal would be off. Although I didn't specifically agree to it, I also made it clear to you.
 {¶ 5} "But in the meantime, you went out and received another charge for domestic violence since that happened. You also picked up this other charge for receiving stolen property while you were awaiting sentencing.
 {¶ 6} "You have a significant record in that this is your one, two, three, four — this particular charge, the domestic violence charge that we're talking about here was your fifth felony record. It was your — you also — your misdemeanor record reflects a prior aggravating menacing, a prior violation of protection order, a prior assault, a prior — two prior domestic violence and another prior violation of protection order which means that you are a repeat offender in every sense of the word.
 {¶ 7} "You — all that said, you have been to — under 2929.13b, I'm finding that you have been — previously been to prison and that after weighing the seriousness and recidivism factors, prison is consistent with the purposes and principles of sentencing. And I don't find you amenable to an available communitycontrolled [sic] sanction.
 {¶ 8} "Under 2929.14c, I find that you pose the greatest likelihood of committing [sic] future crimes, and I find that based on your one, two, three, four, five, six prior misdemeanors of assault or violation of temporary protection order for domestic violence and the fact that you were arrested for domestic violence even while this charge was pending." (Tr. 171-172).
 {¶ 9} After the trial court imposed a twelve month sentence upon Cressel for the domestic violence conviction, Cressel orally moved to withdraw his guilty plea. The trial court overruled his motion without a hearing.
 {¶ 10} The trial court may set aside a conviction and permit the defendant to withdraw his plea after sentence only to correct a manifest injustice. See, Crim.R. 32.1. We review the trial court's ruling on this type of motion on an abuse of discretion standard. State v. Blatnik
(1984), 17 Ohio App.3d 201. A defendant is not entitled to withdraw a guilty plea merely because he received a harsher sentence than he expected. State v. Grigsby (1982), 80 Ohio App.3d 291. Cressel has failed to demonstrate that the trial court abused its discretion in denying his motion. The first assignment of error is overruled.
 {¶ 11} Cressel contends in his second assignment that the trial court could not impose the maximum sentence because such sentence requires the resolution of additional facts not otherwise admitted by the defendant or found in the jury verdict. In support of his argument, Cressel cites the recent case of Blakely v. Washington (2004) U.S., 124 S.Ct. 2531,159 L.Ed.2d 403.
 {¶ 12} The State argues that Blakely has no application to Cressel's sentence because the sentence Cressel received did not exceed the statutory maximum, and in any event, Cressel waived his right to raise this issue in this court because he did not raise the Blakely issue at the time the trial court imposed the maximum sentence upon him.
 {¶ 13} Cressel was sentenced on December 31, 2003, and Blakely was decided on June 24, 2004. Recently, we held that an appellant waives his argument regarding the application of Blakely to his sentence under Ohio's sentencing guidelines by not raising the issue before sentencing is imposed by the trial court. State v. Philip Austin (March 11, 2005), Mont. App. 20445. We held that the Blakely decision did not create new law but merely applied the existing law established in Apprendi v. NewJersey (2000), 530 U.S. 466, 490. We also found no "plain error" present in Ohio's sentencing scheme.
 {¶ 14} Recently, the United States Supreme Court held that Apprendi
and Ring v. Arizona, 536 U.S. 584 (2002) announced a new procedural rule, not a substantive rule. The Court held the Ring rule did not announce a "watershed" rule of procedure that implicates fundamental fairness and the accuracy of the criminal proceeding which rule could be applied retroactively. Schiro v. Summerlin, 540 U.S. ___, 124 S.Ct. 2519
(2004). The second assignment of error must be overruled.
 {¶ 15} In his third assignment, Cressel argues that the trial court erred in imposing a 30 day license suspension upon him. We disagree. R.C. 4507.16(A)(1) provides in pertinent part:
 {¶ 16} "The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance,shall suspend for not less than thirty days or more than three years or shall revoke the driver's or commercial driver's license.
 {¶ 17} * * of any person who is convicted of or pleads guilty to any of the following:
 {¶ 18} "* * *
 {¶ 19} "(b) Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motorvehicle is used[.] * * *"
 {¶ 20} (Emphasis added).
 {¶ 21} Witnesses testified they observed Cressel driving the stolen vehicle. R.C. 4507.16(A)(1)(b) expressly required the trial court to impose a thirty-day license suspension, in addition to a prison sentence, upon the defendant. The defendant received notice of the crime charged and the potential for license suspension when the indictment was filed against him. See State v. White (1987), 29 Ohio St.3d 39, 41,505 N.E.2d 632. The third assignment is also overruled.
 {¶ 22} The judgment of the trial court is Affirmed.
Grady, J., and Donovan, J., concur.