OPINION
{¶ 1} Oscar Mitchell appeals from a judgment of the Montgomery County Court of Common Pleas, which granted the state's motion to dismiss his petition for postconviction relief.
 {¶ 2} On May 10, 2005, Mitchell filed a petition for postconviction relief. This was his second petition for postconviction relief since his conviction for aggravated murder and aggravated burglary in 1998. On May 17, 2005, the state filed a motion to dismiss.
 {¶ 3} The trial court granted that motion the next day. On appeal, Mitchell raises two assignments of error, contending that the trial court erred on substantive and due process grounds in granting the motion to dismiss.
 {¶ 4} In his first assignment of error, Mitchell claims that he was denied due process because the court granted the state's motion to dismiss without giving him an opportunity to respond to the motion. As the state points out, however, the statutes governing postconviction relief do not provide for responsive pleadings from the petitioner and therefore do not require the trial court to wait for a response to a motion to dismiss. R.C.2953.21(D).
 {¶ 5} Mitchell also asserts that the civil and local rules of procedure require that he be given an opportunity to respond to the state's motion. Although the civil and local rules generally apply to postconviction proceedings, dismissals rendered under R.C. 2953.21 differ from those made under Civ.R. 12(B). State v.Lawson, 103 Ohio App.3d 307, 313, 659 N.E.2d 362; State v.Franklin (Jan. 25, 1995), Hamilton App. No. C-930760. The statutory scheme for postconviction relief requires the court to look beyond the petition and response, and it specifically permits the prosecution to respond by motion rather than by answer. R.C. 2953.21(C), (D); State v. Greer (Oct. 28, 1992), Summit App. No. 15217. Because postconviction proceedings are created and governed by statute, specific requirements set out by statute take priority where they conflict with the civil or local rules. See id. Thus, the trial court did not commit any procedural error in its handling of Mitchell's petition.
 {¶ 6} The state further contends that Mitchell failed to show good cause for the filing of a second petition. Pursuant to R.C.2953.23(A)(1), a court generally may not entertain a delayed or successive petition for postconviction relief unless two conditions are satisfied:
 {¶ 7} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21 (A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." Mitchell's petition relied on the United States Supreme Court's decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, to satisfy the requirement of R.C. 2953.23(A)(1)(a). In that case and its predecessors, the Court held that the Sixth Amendment right to a jury trial prohibits the enhancement of a sentence based on factual findings made by the judge. But we have held that the rule announced in Blakely is not retroactive.State v. Cressel, Montgomery App. No. 20337, 20348,2005-Ohio-2013. Thus, Mitchell failed to satisfy R.C.2953.23(A)(1)(a) and failed to justify a successive petition for postconviction relief. We further note that, in Mitchell's plea agreement, he expressly waived his right to appeal, in exchange for which the state agreed not to include death penalty specifications in the indictments. State v. Mitchell (Apr. 28, 2000), Montgomery App. No. 17763. On direct appeal, we found that Mitchell's waiver of his right to appeal was valid and binding. Id.
 {¶ 8} The first assignment of error is overruled.
 {¶ 9} In his second assignment of error, Mitchell claims that the trial court erred in sentencing him to a non-minimum sentence. Again, he relies on the United States Supreme Court's decision in Blakely v. Washington. As we discussed under the first assignment of error, Blakely does not apply retroactively, and Mitchell waived his right to appeal his sentence. Thus, the court properly concluded that Mitchell's petition set forth no substantive grounds for relief.
 {¶ 10} The second assignment of error is overruled.
 {¶ 11} The judgment of the trial court will be affirmed.
Brogan, J., and Glasser, J., concur.
(Hon. George Glasser, Retired from the Sixth Appellate District, Sitting by assignment of the Chief Justice of the Supreme Court of Ohio).