OPINION
{¶ 1} Richard L. Ausborn appeals from a judgment of the Miami County Court of Common Pleas, which dismissed his petition for postconviction relief.
 {¶ 2} In 2001, Ausborn was sentenced to two nine-year terms of imprisonment on two counts of aggravated robbery, to be served concurrently. In May 2005, he filed a petition for postconviction relief contending that the non-minimum sentence imposed in 2001 violated the Supreme Court's holdings in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Ausborn's petition was not filed within 180 days of the filing of the transcript in the court of appeals or the expiration of the time for filing the appeal, as required by R.C.2953.21(A)(2). He claimed that his untimely petition was permissible because it relied on a new federal or state right that applied retroactively. See R.C. 2953.23. The trial court disagreed that the rule of law set forth in Apprendi andBlakely applied retroactively, relying on our holding in Statev. Cressel, Montgomery App. Nos. 20337, 20348, 2005-Ohio-2013, ¶ 14. See, also, Schriro v. Summerlin, 532 U.S. 348, 351-352,124 S.Ct. 2519, 159 L.Ed.2d 442. Thus, the trial court dismissed Ausborn's petition without a hearing.
 {¶ 3} Ausborn raises four assignments of error on appeal. The arguments raised under these assignments of error generally fall into two categories: the non-minimum sentence imposed by the trial court was unconstitutional because it was premised on facts found by the court, rather than by the jury (first and third assignments), and the trial court relied on improper or unsubstantiated evidence in imposing its sentence (second, third, and fourth assignments). We will address the latter argument first.
 {¶ 4} Ausborn contends that the trial court improperly relied on several factors in weighing the seriousness of his crime. He seems to argue, inconsistently, that the trial court was not permitted to consider his juvenile court record because juvenile proceedings are civil, not criminal, and that the trial court erred in considering his record because he did not have any prior convictions. He also claims that there was no testimonial evidence from a physician, psychologist, or other witness to support the trial court's conclusion that the victims had suffered serious physical, psychological, or economic harm. He further asserts that the presentence investigation indicated that he should have received a minimum sentence. Thus, Ausborn contends that, based on the evidence before it, the trial court abused it discretion in imposing a non-minimum sentence.
 {¶ 5} Ausborn's argument related to the sentencing factors considered by the trial court and the trial court's determination that nine-year sentences were appropriate is not based on a newly recognized rule of law or newly discovered evidence. As such, it does not fall within the provisions of R.C. 2953.23 and cannot be raised in a petition for postconviction relief under this section. Ausborn knew of these alleged errors at the time of his conviction and could have raised them on direct appeal. The trial court properly refused to consider these claims in a petition for postconviction relief.
 {¶ 6} The trial court also rejected Ausborn's claim that his petition was based on a newly recognized federal or state right that applied retroactively to persons in his situation. The Supreme Court of Ohio did recently hold that parts of Ohio's felony sentencing scheme, under which Ausborn was sentenced, were unconstitutional, following Apprendi and Blakely. State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. But the supreme court did not apply this holding retroactively. Id. at ¶ 106. See, also,Cressel, 2005-Ohio-2013, ¶ 14; Schriro, 532 U.S. at 351-352. As such, Ausborn clearly was not entitled to postconviction relief, and the trial court did not err in dismissing his petition without a hearing.
 {¶ 7} The first, second, third, and fourth assignments of error are overruled.
 {¶ 8} The judgment of the trial court will be affirmed.
 . . . . . . . . .
Fain, J. and Donovan, J., concur.