OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Harland Watson, filed October 18, 2005. Watson was indicted on August 31, 2001 on two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and one count of attempted gross sexual imposition, in violation of R.C.2923.02(A). On September 27, 2001, Watson pled guilty to one count of gross sexual imposition, a felony of the third degree. The other counts were dismissed. On January 16, 2002, the trial court sentenced Watson to a five year jail term, and he was designated a sexual predator. On January 24, 2002, he filed a direct appeal from the trial court's determination that he is a sexual predator and from the sentence imposed upon him. On September 6, 2002, we affirmed the trial court's judgment. On February 25, 2005, Watson filed a Petition to Vacate or Set Aside Judgment of Sentence, and the State filed a Motion for Summary Judgment. The trial court determined that "Defendant's petition for post-conviction [relief] is untimely, and because Defendant fails to satisfy the first prong of the test required for the Court to entertain an untimely petition for post-conviction relief, summary judgment is appropriate."
 {¶ 2} Watson's brief does not set forth a specific assignment of error but argues that the trial court erred in denying his Petition, pursuant to Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 253, Apprendi v. New Jersey, (2000),550 U.S. 466, 490, 120 S.Ct. 2348, and United States v. Booker (2005), 543 U.S.220, 125 S.Ct. 738.
 {¶ 3} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *." R.C. 2953.21. The petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." Id.
 {¶ 4} For the trial court to entertain an untimely petition for post-conviction relief such as Watson's both of the following must apply: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C.2953.23 (A).
 {¶ 5} Watson did not meet his burden under R.C. 2953.23 to file an untimely petition for post-conviction relief. The Supreme Court's decisions in Blakely and Apprendi, and confirmed byBooker, that the Sixth Amendment right to a jury trial prohibits judicial fact finding as a basis for imposing enhanced sentences, apply only to cases on direct review. The Ohio Supreme Court recently declared certain portions of Ohio's felony sentencing scheme unconstitutional because they violated the same Sixth Amendment right. State v. Foster, 109 Ohio St.3d 1, 845
N.E.2d 470, 2006-Ohio-856. Foster, like the authorities cited by Watson, only applies to matters on direct review. Further, Watson waived his arguments herein by not raising them before his sentence was imposed; Blakely, decided almost two years after Watson was sentenced, did not create new law but applied existing law established in Apprendi. State v. Cressel, Montgomery App. Nos. 20337, 20348, 2005-Ohio-2013. Accordingly, Watson's argument is overruled, and the judgment of the trial court is affirmed.
Grady, P.J. and Wolff, J., concur.