[Cite as *State v. Reese*, 2024-Ohio-2013.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 14 MA 0116**

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

Lamar Reese, *Pro se*, Defendant-Appellant.

Dated: May 24, 2024

**PER CURIAM.**

{¶1} Defendant-Appellant, Lamar Reese, has filed a Motion for Leave to File an Application for Reconsideration of this Court's judgment in *State v. Reese*, 7th Dist. No. 14 MA 116, 2016-Ohio-557. Because it is untimely and Appellant has not shown extraordinary circumstances, Appellant's motion is denied.

{¶2} A motion for reconsideration must be filed within ten days of the judgment. App.R. 26(A)(1)(a). Our judgment in this case was filed on February 10, 2016. Appellant did not file his motion for reconsideration until March 11, 2024. Thus, appellant's motion was clearly untimely.

{¶3} App.R. 14(B) provides:

For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App. R. 25. *Enlargement of time to file an application for reconsideration or for en banc consideration pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances.*

(Emphasis added).

{¶4} Thus, per the Appellate Rules, an appellate court may permit an act to be done after the expiration of the prescribed time when good cause is shown. But this standard does not apply to motions for reconsideration. An appellate court only has the authority to grant leave to file a delayed motion for reconsideration if there is a showing of extraordinary circumstances.

{¶5} Appellant has not asserted any extraordinary circumstances here. Appellant contends that we should allow him to file a late application for reconsideration because the Ohio Supreme Court issued an opinion, subsequent to our opinion in this case, that invalidated our holding. That case, Appellant claims, is *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8.

Case No. 14 MA 0116

{¶6} Firstly, even if the *Grate* decision did invalidate this Court's decision, *Grate* was released on December 10, 2020. Appellant did not file his request for leave until March 11, 2024. Appellant makes no attempt to explain why he waited over three years to raise this claim.

{¶7} Secondly, *Grate* did not invalidate our decision in this case. In *Grate*, the Ohio Supreme Court examined whether defense counsel was ineffective for failing to present testimony at the mitigation phase of a capital murder trial regarding diffuse-tensor-imaging and functional-MRI-neuroimaging results. The Court made some general statements about the trial court exercising a gatekeeping function in the admissibility of scientific evidence and Grate not presenting evidence to support the reliability of the proposed tests. *Id.* at ¶ 92, 96.

{¶8} In *Reese*, Appellant argued polygraph results did not meet Evid.R. 702's requirements for admissibility because the State failed to establish the general scientific reliability of a polygraph test. *Reese*, 2016-Ohio-557, at ¶ 23. We determined that the State met the four conditions set out by the Ohio Supreme Court for the admissibility of polygraph test results. *Id.* at ¶ 37. Additionally, we found that because "a polygraph test is not viewed as scientifically reliable, the state, in this case, could not have put forth evidence of the general scientific reliability of a polygraph test as appellant asserts it should have done in order to comply with Evid.R. 702(C)." *Id.* at ¶ 36. We further reasoned that because a polygraph test is not generally viewed as scientifically reliable, polygraph results are only admissible upon stipulation by the parties. *Id.*, citing *State v. Davis*, 62 Ohio St.3d 326, 341, 581 N.E.2d 1362 (1991).

{¶9} The *Grate* opinion did not involve a polygraph test. And this Court made clear in *Reese*, that polygraph tests are not generally scientifically reliable and are only admissible if the parties stipulate to admit them. There is nothing in *Grate* that invalidates our decision in *Reese*. Thus, Appellant has failed to demonstrate the extraordinary circumstances required for leave to file a delayed application for reconsideration.

{¶10} For these reasons, Appellant's motion is hereby denied.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**