[Cite as *State v. Reese*, 2025-Ohio-337.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0075**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2013 CR 00828 A

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, for Plaintiff-Appellee

Lamar Reese, Pro se, Defendant-Appellant

Dated: January 30, 2025

---

**WAITE, J.**

{¶1} Appellant Lamar Reese was convicted of aggravated murder in 2014. In 2015, while his direct appeal was pending, he filed a pro se petition seeking postconviction relief. This appeal involves two procedural matters regarding his petition. Appellant first argues that the trial court should have given him more time to file a response to the state's motion to dismiss the petition. R.C. 2953.21, which governs petitions for postconviction relief, does not provide for a reply to a motion to dismiss a petition. Regardless, a trial court is permitted to rule on a meritless petition at any time, so there was no error in ruling on the petition before Appellant responded to the state's motion to dismiss. Appellant also argues that the trial court should have allowed him to amend his petition. Appellant's motions to amend were filed several years after the petition was filed and final judgment was entered. The court was well within its discretion to deny untimely motions to amend filed long after the petition had already been ruled upon. Appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.

Facts and Procedural History

{¶2} The facts of this case stem from the murder of Joshua Davis in 2011, Appellant's conviction for the murder, and the post-judgment proceedings that followed. Appellant attacks both the 2015 denial of his petition for postconviction relief and a recent order denying Appellant's motion to amend his 2015 petition.

{¶3} On September 16, 2011, Appellant and three others went to the home of Joshua Davis to steal marijuana from him. During the theft, Davis was shot and killed. Appellant and one other assailant were charged with aggravated murder. The case went

to jury trial and the jury convicted him on aggravated murder. The court sentenced Appellant to 20-years-to-life in prison for aggravated murder, 10 years for aggravated robbery, and three years on two firearm specifications. The sentences were ordered to be served consecutively, for a total of 33-years-to-life in prison. Appellant filed an appeal on August 19, 2014. We affirmed his conviction and sentence on February 10, 2016.

{¶4} While the appeal was pending, Appellant filed a pro se petition for postconviction relief on March 23, 2015. On April 7, 2015, the state filed a motion to dismiss. The court granted the motion and dismissed the petition on April 10, 2015. Appellant filed a response to the state's motion to dismiss on April 16, 2015.

{¶5} On April 20, 2015 Appellant filed a request for findings of fact and conclusions of law relating to the order dismissing his petition for postconviction relief. Nothing else was filed in this case for eight years.

{¶6} On March 1, 2023, Appellant filed a motion to amend his original 2015 petition for postconviction relief. On March 21, 2023, the trial court denied this motion.

{¶7} On December 4, 2023, Appellant filed a notice of appeal of the April 10, 2015 final order overruling his March 23, 2015 petition for postconviction relief. Although the appeal was filed eight-and-one-half years later, as Appellant was never served with the original order, we accepted his appeal. Appellant filed a brief containing seven assignments of error. One of the issues raised was that the trial court failed to enter findings of fact and conclusions of law. The state conceded error on this issue and agreed the case should be remanded. On June 17, 2024, we reversed the trial court's denial of the petition for postconviction relief and remanded the case so that the trial court could issue findings of fact and conclusions of law.

**{¶8}** On July 1, 2024, Appellant filed an "omnibus motion" in which he again requested leave to amend his petition for postconviction relief, which had been filed nine years earlier. The state opposed the motion. On July 17, 2024, the trial court issued findings of fact and conclusions of law pertaining to the court's 2015 denial and once again denied the petition. The trial court noted that it had "now considered the entire record, Defendant's petition and all of his subsequent filings, and the State's responses." (7/17/24 J.E., p. 4.) The trial court reviewed the issue alleged in the petition, which was that Appellant's counsel was ineffective by subjecting him to a polygraph test. The court denied Appellant's petition because he failed to support his claim with evidence de hors the record, and because his most recent filings did not sufficiently allege or advance the claim of ineffective assistance of counsel. The court also denied Appellant's requests for leave to amend the petition. Appellant filed a timely pro se appeal on August 19, 2024.

<u>Applicable Law</u>

**{¶9}** Appellant is not directly challenging the trial court's denial of his 2015 petition for postconviction relief. In this appeal he advances two procedural arguments: the first deals with the timing of the trial court's April 10, 2015 ruling on the state's motion to dismiss, filed on April 7, 2015; and the second challenges the trial court's decision to overrule his two motions to amend the petition. Again, Appellant's petition was filed on March 23, 2015. The first motion to amend was filed on March 1, 2023. The second was filed as part of Appellant's omnibus motion on July 1, 2024.

R.C. 2953.21(A)(1)(a) permits a petitioner to collaterally attack his or her judgment of conviction on the grounds that "there was such a denial or infringement of the person's rights as to render the judgment void or

voidable under the Ohio Constitution or the Constitution of the United States." With the exception of an appeal, a petition for postconviction relief is `the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case. R.C. 2953.21(K).

*State v. Parker*, 2019-Ohio-3848, ¶ 15.

{¶10} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "[A] petitioner receives no more rights than those granted by the statute." *Id.*

Although the civil and local rules generally apply to postconviction proceedings, dismissals rendered under R.C. 2953.21 differ from those made under Civ.R. 12(B). The statutory scheme for postconviction relief requires the court to look beyond the petition and response, and it specifically permits the prosecution to respond by motion rather than by answer. Because postconviction proceedings are created and governed by statute, specific requirements set out by statute take priority where they conflict with the civil or local rules. (Internal citations omitted)

*State v. Mitchell*, 2006-Ohio-1601, ¶ 5 (2d Dist.); *see* R.C. 2953.21(E).

{¶11} "R.C. 2953.21, Ohio's postconviction relief statute, does not specify that the petitioner be given an opportunity to reply to any motion filed on behalf of the respondent." *State v. Caldero*, 2004-Ohio-2337, ¶ 5 (8th Dist.). "A trial court has the discretion to dismiss a petition for post-conviction relief without any responses from the State or the

Petitioner, if 'the petition fails to set forth any substantive ground upon which relief can be granted.'" *State v. Peterson*, 2009-Ohio-1504, ¶ 10 (7th Dist.), quoting *In re J.B.*, 2006-Ohio-2715 (12th Dist.). "[I]f the petition is meritless on its face, the trial court may dismiss it without reviewing the record, and without waiting for a response from either the petitioner or the state." *State v. Haschenburger*, 2009-Ohio-6527, ¶ 33 (7th Dist.).

{¶12} "Pursuant to R.C. 2953.21(G)(3), one may amend a postconviction petition after the opposing party has filed a response only if granted leave to do so by the trial court." *State v. Hart*, 2021-Ohio-767, ¶ 23 (6th Dist.). "Trial courts have discretion to grant or deny leave to amend a postconviction-relief petition." *State v. Clark*, 2021-Ohio-2771, ¶ 28 (8th Dist.). Absent an abuse of that discretion, an appellate court will not overturn the trial court's decision overruling a motion to amend a petition for postconviction relief. *State v. Barrett*, 2004-Ohio-725, ¶ 7 (9th Dist.) "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 2013-Ohio-2951, ¶ 21 (7th Dist.).

{¶13} The Ninth District Court of Appeals has held that a trial court does not commit an abuse of discretion in overruling a motion for leave to amend a petition for postconviction relief filed three months after the state has filed its motion to dismiss. *Barrett* at ¶ 8. The Second District Court of Appeals has held that a trial court does not abuse its discretion in denying a motion for leave to amend a petition for postconviction relief that was filed five days after its decision had been rendered. *State v. Bays*, 2003-Ohio-3234, ¶ 24 (2d Dist.).

Case No. 24 MA 0075

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN NOT ALLOWING DEFENDANT TO PROPERLY RESPOND TO THE STATE'S MOTION TO DISMISS.

{¶14} Appellant contends the trial court erred nine years ago by ruling on the state's motion to dismiss his petition for postconviction relief before he had a chance to respond to the motion. Judgment was entered on April 10, 2015, three days after the state filed its motion to dismiss. Appellant filed a response to the motion on April 16, 2015. Appellant claims that he was entitled to have time to respond under the due process clause of the Fourteenth Amendment of the U.S. Constitution.

{¶15} A petition for postconviction relief is a creature of statute, and both the substantive and procedural aspects of such relief are governed by the postconviction relief statute, R.C. 2953.21. *Calhoun* at 281. The statute allows the state to respond to the petition by motion, but does not provide for a reply or rebuttal response from the petitioner. *Mitchell* at ¶ 5; R.C. 2953.21(E). It is also true a petition may be dismissed by the trial court prior to any response from the state, if the petition has no merit on its face. *Peterson* at ¶ 10.

{¶16} Appellant cites three cases intended to support his argument, but they are inapposite to the issue in this appeal. *State v. Pickens*, 2016-Ohio-5257 (1st Dist.), *State v. Roberts*, 2006-Ohio-3665, and *State v. Jenkins*, 15 Ohio St.3d 164 (1984), all deal with error regarding ex parte communications between the prosecutor and the trial judge. Appellant does not allege, or provide evidence, that there was any such ex parte communication in this matter, and these cases are wholly inapplicable.

{¶17} The trial court entered its final judgment three days after the prosecutor filed a motion to dismiss the petition for postconviction relief. This was permitted under R.C. 2953.21. Appellant has not shown how the timing of the judgment, or his inability to file a further responsive memorandum, constitutes error.

{¶18} Appellee points out that the court actually did consider Appellant's April 16, 2015 response to the state's motion to dismiss. In its July 17, 2024 judgment entry the court states that it considered the entire record, including all of Appellant's filings, prior to entering judgment. Therefore, even if Appellant could advance a valid argument, it would be moot, since the record shows that the court did consider Appellant's reply to the state's motion to dismiss.

{¶19} Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN NOT ALLOWING DEFENDANT TO AMEND THE POST-CONVICTION PETITION.

{¶20} Appellant contends that the trial court should have granted one or both motions to amend his petition for postconviction relief. Appellant argues that the trial court was required to allow him to amend the petition pursuant to Civ.R. 15(A), R.C. 2953.21(H), and Crim.R. 35(C).

{¶21} R.C. 2953.21(H) does not deal with the issue of amending a postconviction relief petition and is incorrectly cited by Appellant. R.C. 2953.21(G)(2), does address amendment, but allows a petitioner to amend the petition only one of two ways: "at any time before the answer or motion is filed, the petitioner may amend the petition with or

without leave or prejudice to the proceedings." Otherwise, the petitioner may only amend if the court grants leave to amend. R.C. 2953.21(G)(3). The state filed its motion to dismiss on April 7, 2015. Any motion to amend filed after that date was only permissible by leave of the court. *Hart* at ¶ 23. The decision to grant or deny such leave is reviewed on appeal only for abuse of discretion. *Barrett* at ¶ 7.

{¶22} The timing of the request to file a motion to amend is one factor a trial court is to consider in these circumstances. Periods of time as short as a few days or a few months following response have been upheld as too long. *Barrett* at ¶ 8; *Bays* at ¶ 24. In the instant case, the motions to amend were filed eight and nine years after the motion to dismiss was filed. This fact alone supports the conclusion that the trial court did not abuse its discretion.

{¶23} Appellee raises a further reason in support of the trial court's decision. Appellee argues that there is no abuse of discretion in denying a motion to amend when the motion is filed after final judgment has already been issued. Final judgment on Appellant's petition was rendered on April 10, 2015. The motions to amend were filed several years later. Appellant claims the April 10, 2015 judgment entry was not a final appealable order because no findings of fact and conclusions of law were issued. Appellant relies on a case based on precedent that has since been reversed. Appellant cites *State v. Everson*, 2016-Ohio-3419 (7th Dist.) for the proposition that a judgment dismissing a petition for postconviction relief that does not contain findings of fact and conclusions of law is not a final appealable order. *Everson* was based on the holding of *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3 (1984), which has since been overruled by *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774. *Dinkelacker* held that an order

granting or denying a petition for postconviction relief is final and appealable, and any error regarding whether findings of fact and conclusions of law were issued can be corrected in the direct appeal of that judgment. *Id.* at ¶ 3. Hence, as earlier discussed, Appellant's motions to amend were filed eight and nine years after a valid, final judgment was ordered in this case, and are barred for this reason, as well.

**{¶24}** The trial court did not abuse its discretion in denying two motions to amend the petition for postconviction relief when those motions were filed several years after the motion to dismiss was filed, and after final judgment had been rendered. Therefore, Appellant's second assignment of error is overruled.

Conclusion

**{¶25}** Appellant contends the trial court committed two procedural errors regarding his 2015 petition for postconviction relief. He claims the trial court should have given him time to file a response to the state's motion to dismiss, but the postconviction relief statute does not provide for response, and the trial court had the authority to rule on the petition at any time, sua sponte. Appellant also believes he should have been permitted to amend his petition several years after the petition was filed and final judgment entered. The trial court did not abuse its discretion in denying these untimely motions. Appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

Case No. 24 MA 0075

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**