[Cite as *State v. Reese*, 2025-Ohio-1441.]

# IN THE <u>COURT</u> OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0092**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2013 CR 00828 A

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera* and *Atty. Kristie M. Weibling*, Assistant Prosecutors, for Plaintiff-Appellee

Lamar Reese*, Pro se*, Defendant-Appellant

Dated:  April 15, 2025

---

**WAITE, J.**

{¶1} Appellant Lamar Reese appeals the denial of his second petition for postconviction relief. Appellant contends that the results of a polygraph test should not have been admitted at trial and that his trial counsel was ineffective. Appellant raised these identical issues in his first petition. He also raised the polygraph issue on direct appeal. The trial court was not permitted to accept a second petition for postconviction relief, and the issues raised by Appellant are barred by *res judicata*. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

{¶2} On August 7, 2014, Appellant was convicted by a jury of aggravated murder (with a firearm specification) and aggravated robbery (with a firearm specification) in Mahoning County Court of Common Pleas Case No. 2013 CR 828A. On August 7, 2014, the trial court sentenced Appellant to an aggregate prison term of 33 years to life. Appellant filed a direct appeal raising only two issues, both of which concerned the results of a polygraph test that was admitted at trial. Appellant filed the appeal on August 19, 2014, and the trial transcripts were filed in that appeal on September 23, 2014. We affirmed the conviction and sentence on February 10, 2016. *State v. Reese* (*Reese I*), 2016-Ohio-557 (7th Dist.).

{¶3} On March 11, 2024, Appellant filed a motion for reconsideration of *Reese I*, claiming that this Court did not fully address the law regarding the polygraph test. We denied the motion on May 24, 2024. *State v. Reese* (*Reese II*), 2024-Ohio-2013 (7th Dist.), appeal not allowed, 2024-Ohio-3096, ¶ 2.

<u>Case No. 24 MA 0092</u>

**{¶4}** On March 23, 2015, Appellant filed a petition for postconviction relief. Although the petition was filed *pro se*, Appellant was represented by counsel at this time as he was still in the process of pursuing his direct appeal. The petition alleged that Appellant's trial counsel was constitutionally ineffective for allowing him to be subjected to a polygraph test. The trial court overruled this petition on April 10, 2015. Appellant then filed a motion for findings of fact and conclusions of law, which was never addressed. On December 4, 2023, Appellant filed an appeal. Due to a procedural deficiency and also due to the failure of the trial court to rule on the motion for findings of fact and conclusions of law, we accepted the appeal and remanded the postconviction case so that the trial court could rule on the motion. The trial court issued its findings of fact and conclusions of law on July 17, 2024. Appellant filed an appeal of this judgment on August 19, 2024. Appellant challenged the trial court's denial of his postconviction petition on procedural grounds only. We affirmed the trial court judgment on January 30, 2025. *State v. Reese* (*Reese III*), 2025-Ohio-337 (7th Dist.).

**{¶5}** On August 20, 2024, Appellant filed a second *pro se* petition for postconviction relief, raising the same grounds as the previous petition. The trial court denied the petition on September 10, 2024. The reason given for dismissing the petition was that it was not timely filed under R.C. 2953.21(A)(2) and 2953.23. Appellant filed an appeal on October 4, 2024. Appellant presents one assignment of error on appeal.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN DENYING THE POST CONVICTION PETITION PURSUANT TO R.C. 2953.23(A)(1).

{¶6} Appellant contends that his second petition for postconviction relief was timely filed. Appellant agrees that a petition for postconviction relief must be filed within 365 days of the filing of the trial transcript in the direct appeal, which occurred on September 23, 2014. Although clearly filed nine years too late, Appellant argues that the petition is not untimely because he was unavoidably prevented from discovering the facts that provided the basis for the petition, citing R.C. 2953.23(A)(1)(a). The facts on which Appellant relies in making this assertion are gleaned from medical records that might show that he was mentally ill, under the influence of medications, and showing signs of psychosis. He also seeks admission of the Model Rules of the American Polygraph Association (APA).

{¶7} Appellant argues that his trial counsel was ineffective for allowing him to take a polygraph test when he was mentally ill and showed signs of psychosis. Appellant argues that he was not able to obtain his supporting mental health records until February 2, 2023 because he was not represented by counsel, and that only counsel could obtain these records. He claims that on March 23, 2015 he brought the problem of his inability to obtain medical records to the attention of the trial court. Appellant also argues that he was prevented from obtaining the Model Rules of the APA that would have shown he should not have been tested. Appellant argues that these two sets of records (his mental health records and the APA Model Rules) would support that he should not have been permitted to take a polygraph test prior to his trial, and contends that he would not have been convicted but for the admission of the polygraph test.

{¶8} Appellee responds that a petition for postconviction relief must be filed within 365 days of the filing of the transcript in the direct appeal. R.C. 2953.21(A)(2)(a).

Appellee states that a trial court must dismiss an untimely, successive petition for postconviction relief pursuant to R.C. 2953.23(A). Appellee contends that the exception extending the time for filing found in R.C. 2953.23(A)(1)(a) does not apply, as the record clearly shows Appellant was not prevented from obtaining the APA Model Rules. He received a copy on June 14, 2014, over two months prior to filing his direct appeal, and almost a year prior to filing the first petition for postconviction relief. Appellee also argues that at the time Appellant filed his direct appeal and his first petition for postconviction relief, he was represented by competent counsel who could have obtained the documents that Appellant relies on in this petition.

{¶9} Further, Appellant has already litigated the arguments contained in his second petition, and he is not permitted to relitigate them in this appeal. Appellee argues that Appellant has had multiple opportunities to challenge the results of the polygraph test. Appellant failed to raise an issue as to his alleged unsuitability to take a polygraph test on direct appeal, even though the whole issue on appeal was the admissibility of the polygraph test. Appellant did contest the admissibility of the polygraph test in his first petition for postconviction relief, but he failed to challenge the polygraph test in his appeal of the denial of that petition, raising only procedural issues. Appellee concludes that, in addition to the petition being untimely, the matter raised in this appeal is *res judicata*.

{¶10} A criminal defendant who seeks to correct their conviction or sentence subsequent to direct appeal on the basis that the defendant's constitutional rights have been violated can file a petition for postconviction relief, as defined in R.C. 2953.21. The petition must filed within 365 days of the filing of the trial transcript in the direct appeal. R.C. 2953.21(A)(2)(a). An untimely filed petition for postconviction relief must be

dismissed, as well as any appeal based on an untimely petition, unless an exception provided in R.C. 2953.23 applies. *State v. Ross*, 2021-Ohio-2362, ¶ 18 (7th Dist.).

**{¶11}** "[A] trial court's decision regarding a postconviction petition filed pursuant to R.C. 2953.21 will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence." *State v. Gondor*, 2006-Ohio-6679, ¶ 60. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 2013-Ohio-2951, ¶ 21 (7th Dist.).

**{¶12}** R.C. 2953.23(A) states: "[A] court may not entertain . . . a second petition or successive petitions for similar relief on behalf of a petitioner[.]" A petitioner can overcome the prohibition of successive petitions if he shows that he was "unavoidably prevented" from discovering the facts on which his claim relies and that, but for constitutional error at trial, he would not have been convicted. R.C. 2953.23(A)(1); *State v. Johnson*, 2024-Ohio-134, ¶ 1.

**{¶13}** Appellant has not shown that he was unavoidably prevented from obtaining the information on which he relies in his second petition. He actually raised and should have pursued this issue in his first petition, but on appeal he failed to address this issue. The record shows that Appellant had a copy of the APA Rules prior to filing his direct appeal and his first petition for postconviction relief. It is also clear from the record that Appellant was represented by counsel prior to filing his first petition, and according to Appellant's own argument, counsel could have obtained all of the records he sought. For these reasons, Appellant is barred from filing a second petition for postconviction relief.

Case No. 24 MA 0092

**{¶14}** The doctrine of *res judicata* also applies to postconviction relief proceedings. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph eight of the syllabus. "The doctrine of *res judicata* precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim as well as any other claims that could have been raised on direct appeal." *State v. Burgess*, 2004-Ohio-4395, ¶ 11 (11th Dist.), citing *State v. Jenkins*, 42 Ohio App.3d 97, 100 (1987). *Res judicata* also applies to bar arguments raised in a successive petition for postconviction relief that were or could have been raised in a prior petition. *Ross* at ¶ 21.

**{¶15}** As Appellee points out, the subject matter of Appellant's direct appeal was the polygraph test. The record on appeal contained testimony from the polygraph examiner, Michael LoPresti. (4/14/24 Tr., p. 258-301.) He testified regarding the rules for administering the test, including when the test subject is on medications, or has been diagnosed with a mental illness, or exhibits signs of psychosis. Appellant's counsel at trial cross-examined Mr. LoPresti on these topics. (4/14/24 Tr., pp. 301-317.) The record reflects that Appellant filled out a questionnaire prior to the test in which he was asked to list all of his medications. Finally, Appellant and the state stipulated to the conditions for admitting the polygraph test results: if Appellant failed the test, the results could be admitted, but if he passed, all charges would be dropped. *Reese I* at ¶ 5. Since the question of Appellant's suitability to take the polygraph test was litigated both at trial and on direct appeal, the issue cannot be relitigated, here.

**{¶16}** We also note that the polygraph test and Appellant's claim of ineffective assistance of counsel were the issues raised in Appellant's first petition for postconviction relief. These are the same two issues contained in his second petition for postconviction

relief. Oddly, after the first petition was dismissed by the trial court, Appellant did not pursue either of these issues on appeal, instead limiting the appeal to procedural matters. *Reese III* at ¶ 8, 14, 20. The trial court dismissed Appellant's first petition for postconviction relief, and we affirmed on appeal. *Reese III* at ¶ 25. Therefore, *res judicata* bars relitigation of matters that were raised, or could have been raised, in the first petition for postconviction relief.

**{¶17}** Given that Appellant could have, and did, raise the alleged impropriety of the polygraph test, as well as his claim of ineffective assistance of counsel regarding the polygraph test in the direct appeal, the reconsideration of that appeal, and the prior petition for postconviction relief, *res judicata* clearly bars him from further litigating these issues.

**{¶18}** For all of the reasons stated above, Appellant's assignment of error is overruled, and the trial court judgment is affirmed.

## Conclusion

**{¶19}** Appellant is challenging the admission of a polygraph test at trial. Appellant contends that his attorney should have known he was an unsuitable candidate to take a polygraph test. Appellant relies on evidence that he claims was not available to him until very recently. Appellant raised the same issues in his first petition, which was dismissed by the trial court, and that dismissal was affirmed on appeal. He also raised the polygraph issue in his direct appeal. Appellant cannot claim that he was unavoidably prevented from obtaining the evidence to support his second petition since the evidence was available prior to both his direct appeal and the filing of his first petition. The trial court was not permitted to accept a second petition for postconviction relief, and the issues

raised by Appellant are also barred by *res judicata*.  Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**